Vincent X. LEE, Appellant,

v.

Bill ARMONTROUT, Henry Jackson, M.D. Webb, M.A. Sneed, M.A. Wireman, Appellees.

No. 92–3670.

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1993.

Decided April 20, 1993.

Rehearing Denied May 13, 1993.

Appellant, pro se.

James R. McAdams, Jefferson City, MO (Jeremiah W. (Jay) Nixon and James R. McAdams on the brief), for appellees.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Vincent X. Lee, a Missouri inmate incarcerated at the Jefferson City Correctional Center (JCCC), appeals the district court's[1] grant of summary judgment in favor of Bill Armontrout, Henry Jackson, and M.A. Wireman, and the court's dismissal of his complaint against M.A. Sneed and Dr. Webb pursuant to Federal Rule of Civil Procedure 4(j). We affirm.

Lee alleged that in July 1990 he was forced to participate in a mass tuberculosis experiment during which he was injected with "tuberculosis germs" and later he was notified that he had contracted tuberculosis. Lee further alleged that he was advised that, due to his age (54 years), he would not be treated for his tuberculosis unless he became deathly ill. Lee sought injunctive relief prohibiting further experimentation, proper medical treatment, and compensatory and punitive damages. The district court dismissed Lee's complaint as frivolous pursuant to 28 U.S.C. § 1915(d). We vacated the judgment and remanded for reconsideration in light of *Dowdy v. Bennett*, 989 F.2d 506 (8th Cir.1991). *Lee v. Armontrout*, 951 F.2d 354 (8th Cir.1991) (order).

On remand, Armontrout, Jackson, and Wireman filed answers, but the Attorney General refused to waive service for Sneed and did not mention Webb. Lee provided an address for Sneed, but it proved to be incorrect. The Attorney General's office reported to the court that it did not know Sneed's address and that no one with the last name of Sneed was then employed by the Missouri Department of Corrections. Sneed and Webb were never served.

Armontrout, Jackson, and Wireman moved for summary judgment. They stated that Lee was not treated for his tuberculosis initially because he was over 35 years old and he did not have active disease. They argued that they were entitled to summary judgment because they were not deliberately indifferent to his serious medical needs; they were entitled to treat him, even against his will; and they were entitled to qualified immunity. They attached supporting affidavits and medical records. In response, Lee argued that he did not have tuberculosis prior to being tested; he had been advised during an earlier term of incarceration that he should no longer take the tests; defendants continued to test him; and that as a result of their continued testing he eventually contracted tuberculosis. Lee also argued that defendants gave him tuberculosis and that they were subjecting him to a "slow death."

Lee moved for restraining orders and to compel the production of evidence. He moved twice to file amended complaints adding claims and additional plaintiffs and defendants. Lee moved for default judgment against Webb for his failure to an-

---

**1.** The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

swer the complaint and for summary judgment against the remaining defendants. The district court granted summary judgment in favor of Armontrout, Jackson, and Wireman, and dismissed the complaint as to Sneed and Webb pursuant to Rule 4(j). The court found that Lee merely disagreed with the treatment that he was receiving for his tuberculosis and that his allegations of "experiments" were "purely fanciful." The district court denied Lee's motions to amend his complaint and to join additional parties. The district court noted that each individual could file his own complaint and, if Lee had additional claims, he could file a new complaint. The court also denied without prejudice Lee's motions for injunctive relief and to compel, and denied Lee's motion for summary judgment. Finally, the court found that Sneed and Webb had not been served within 120 days as required by Rule 4(j).

We review the district court's denial of Lee's motions to file amended complaints and to add additional parties for abuse of discretion. *See Wishon v. Gammon,* 978 F.2d 446, 448 (8th Cir.1992). The district court did not abuse its discretion with regard to either motion because it properly concluded that if each of the additional plaintiffs Lee sought to add had a claim, they could file their own complaints, and Lee could file any new claims he might have against other defendants in a separate action rather than including those claims in this action.

We review the district court's exercise of its broad discretion with respect to discovery motions for " 'gross abuse of discretion resulting in fundamental unfairness' at trial." *United States v. Hintzman,* 806 F.2d 840, 846 (8th Cir.1986) (quoted case omitted). Given that Lee has not indicated what he requested, that he does not state how he was deprived of information he needed, that the parties attached much of Lee's medical history and disciplinary reports to various motions, and that defendants offered to produce documentation for inspection, we conclude that the district court did not abuse its discretion in denying his discovery motions.

We review de novo the district court's grant of summary judgment in favor of Armontrout, Jackson, and Wireman. *United States ex. rel. Glass v. Medtronic, Inc.,* 957 F.2d 605, 607 (8th Cir.1992). We have recognized that prison officials must test prisoners for tuberculosis and treat them with INH therapy if they test positive in order to prevent widespread infection. *See DeGidio v. Pung,* 920 F.2d 525, 527–28 (8th Cir.1990). We conclude that the evidence attached to defendants' summary judgment motion clearly demonstrates that defendants were not deliberately indifferent to Lee's serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Lee did not come forward with evidence to create a genuine issue of fact for trial. Any disagreement Lee may have with his course of treatment does not give rise to a claim under section 1983. *See Smith v. Marcantonio,* 910 F.2d 500, 502 (8th Cir.1990).

While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was Lee's responsibility to provide proper addresses for service on Sneed and Webb. Lee's argument that the district court erred by not granting him default judgment against these two defendants is meritless. We conclude that Lee's remaining arguments are likewise meritless.

Accordingly, we affirm.