5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Minor MOODY, Plaintiff-Appellant,
v.
James McFADDEN, et al., Defendants-Appellees.
 No. 93-15888.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 8, 1993.
 
 Appeal from the United States District Court for the District of Arizona, D.C. No. CV-93-00352-EHC; Earl H. Carroll, District Judge, Presiding.
 D. Ariz.
 AFFIRMED.
 Before FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Minor Moody, an Arizona state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. Sec. 1983 prisoner civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We construe the district court's sua sponte dismissal of this action prior to service of process as a dismissal under 28 U.S.C. Sec. 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We review the district court's dismissal under Sec. 1915(d) for an abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). The district court may sua sponte dismiss as frivolous in forma pauperis complaints where the claims raised lack an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989).
 
 
 4
 Moody contends that the limitations placed on his visiting privileges after he refused to take the P.P.D. tuberculosis test violate his constitutional rights. We disagree. Because the language of the relevant regulation, DMO 89-21 Sec. 5.3.2.1, does not provide substantive predicates and explicit mandatory language, it does not create a constitutionally protected liberty interest. See Hewitt v. Helms, 459 U.S. 460, 472 (1983).
 
 
 5
 Moreover, even those prison policies that infringe on an inmate's constitutional rights are valid if they are reasonably related to a legitimate penological goal. Turner v. Safely, 482 U.S. 78, 89 (1987). Preventing disease and protecting the health of visitors and inmates are legitimate penological goals. Cf. Thompson v. City of Los Angeles, 885 F.2d 1439, 1447 (9th Cir.1989) (prison officials have a compelling interest in preventing disease). Here, prison authorities are acting reasonably to prevent the spread of tuberculosis, a highly contagious disease in prison populations. Accord Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.1993). Therefore, the restrictions on Moody's visitation privileges while his status as a potential carrier of infectious tuberculosis is determined are reasonably related to the orderly operation of the prison facility, and do not violate his constitutional rights.[1]
 
 
 6
 As Moody's claims lack an arguable basis in law or fact, the district court did not abuse its discretion is dismissing this action pursuant to 28 U.S.C. Sec. 1915(d). See Neitzke, 490 U.S. at 324-25.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Moody raised other contentions in his complaint relating to law library access, we find that they are waived on appeal. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988) (contentions not raised in opening brief are deemed waived)