26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Vernon K. DILLARD, Appellant,
v.
Clay WHITE, Sheriff of Garland County, Arkansas, Appellee.
 No. 93-3171.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1994.
Filed: June 16, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vernon K. Dillard appeals from the district court's[1] judgment in favor of the defendant in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Dillard was an inmate of the Garland County Detention Center (Center). He claimed that Clay White, then Sheriff of Garland County, violated his First and Eighth Amendment rights by limiting Center inmates to two meals per day on weekends, denying him requested medical treatment for a rib cage injury, and allowing him outside exercise only ten times in five months. After holding an evidentiary hearing, the magistrate judge recommended dismissal of Dillard's complaint. The district court, upon de novo review, adopted the magistrate judge's report and dismissed the complaint with prejudice.
 
 
 3
 This court reviews the district court's findings of fact under the clearly-erroneous standard, and reviews de novo whether the facts establish a constitutional violation. Falls v. Nesbitt, 966 F.2d 375, 377 (8th Cir. 1992).
 
 
 4
 We agree that Dillard's First Amendment claim is meritless. Dillard did not show that he was deprived of practicing a tenet of his faith simply by asserting that he "religiously" eats three meals a day.
 
 
 5
 Regarding his Eighth Amendment medical claim, Dillard needed to show that officials acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Center administrator and licensed practical nurse Captain Lacy testified that he examined Dillard's ribs, determined the injury did not require x-rays, and suggested a mild pain reliever. Thus, Dillard's claim amounts to a mere disagreement with the course of treatment. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). As to exercise, Dillard's claim that he was allowed outdoor exercise only ten times in a five-month period does not, without more, establish cruel and unusual punishment. Cf. Leonard v. Norris, 797 F.2d 683, 685 (8th Cir. 1986) (fifteen days of no out-of-cell exercise not cruel and unusual punishment).
 
 
 6
 Dillard also argues that he was prejudiced by the district court's failure to enforce discovery rules against White concerning requested medical records. White presented the medical records at the trial, however, and Dillard directly examined Lacy-and testified himself-about their contents. As the court thus considered all relevant evidence, including the medical records, we see no prejudice to Dillard and no abuse of discretion in the court's discovery rulings. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (standard of review), cert. denied, 114 S. Ct. 209. Finally, we deny Dillard's motions on appeal for X-rays and for copies of his medical records.
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendation of the Honorable Charles G. Vaccaro, United States Magistrate Judge for the Western District of Arkansas