TGA DEVELOPMENT, INC.;
Plaintiff–Appellant,

v.

NORTHERN INSURANCE COMPANY OF NEW YORK; Employers Mutual Casualty Company; Federal Insurance Company; Defendants–Appellees.

No. 94–3429.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1995.

Decided Aug. 14, 1995.

Gregory Thomas Spalj, argued, Minneapolis, MN (Jocelyn L. Knoll, on brief), for appellant.

Joseph L. Ruby, argued, Washington, DC (Laura A. Foggan and John C. Yang, Washington, DC, and William J. Keppel, Minneapolis, MN, on brief), for appellee Northern Ins. Co.

Thomas E. Peterson, argued, Bloomington, MN (Eric J. Strobel, on brief), for appellee Employers Mut. Cas. Co.

John M. Anderson, argued, Minneapolis, MN (Kevin P. Hickey, on brief), for appellee Federal Ins. Co.

Before WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and BOGUE,[*] Senior District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

TGA Development, Inc., appeals a grant of summary judgment in favor of its insurers, Northern Insurance Company of New York, Employers Mutual Casualty Company, and Federal Insurance Company. The district court[1] determined that the insurance companies have no duty to defend TGA in a lawsuit arising from the construction and sale of a unit in an office building to the law firm of Gribble & Sayre, P.C. On appeal, TGA contends that the district court misinterpreted the property damage sections of the three policies and the personal injury liability sections of the Employers policy. We affirm.

### I.

Between 1983 and 1985, TGA planned and oversaw the construction of an office building in Des Moines, Iowa, and sold a condominium unit in it to the law firm of Gribble & Sayre. After the law firm moved in, it experienced difficulties with computer equipment. An investigation led the firm to conclude that these difficulties were caused by excessive levels of electromagnetic fields (EMF) generated by the electrical system installed at TGA's request by Iowa Power and Light Company. The system's transformer, which emits EMF as a normal function of its operation, is located in a space originally selected by TGA and now owned by the condominium association. Gribble & Sayre sued TGA for rescission of the purchase contract, alleging breach of warranty of habitability, breach of warranty of merchantability, failure of consideration, mutual mistake, and unilateral mistake. TGA's claims against the insurance companies are based on commercial liability insurance contracts as well as a commercial excess umbrella policy.

We review the district court's grant of summary judgment de novo. Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.1993).

### II.

TGA first asserts that the district court's denial of insurance coverage for property damage was based on an erroneous application of the so-called business risks doctrine. Minnesota courts have held that comprehensive business liability insurance does not cover "liability of the insured for economic loss because the product or completed work is not that for which the damaged person bargained." Bor–Son Bldg. Corp. v. Employers Commercial Union Ins. Co., 323 N.W.2d 58, 62 (Minn.1982); see also Knutson Constr. Co. v. St. Paul Fire & Marine Ins. Co., 396 N.W.2d 229, 235 (Minn.1986).

According to TGA, a subsequent change in standard-form commercial general liability policies has rendered the Minnesota Supreme Court's decision in Bor–Son inapplicable to this case. This change excludes real property from the definition of the "product" of the insured. All three of the policies at issue in this case, however, exclude from coverage not only property damage arising from the insured's "product," but also damage arising from the insured's "work." The definition of "work" varies somewhat with respect to stylistic presentation in these policies, but includes "work or operations performed by you or on your behalf." We think it plain that the gravamen of the complaint against TGA was for the defective design of the condominium and that a design is quite obviously work performed by the insured or on its behalf. The policies' property damage coverage therefore has no application to this case.

[*] The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Paul A. Magnuson, District Judge for the District of Minnesota.

## III.

 TGA next argues that even if the district court properly excluded most of the property damage claims from coverage, any damages for "loss of use" are nevertheless covered by the commercial general liability policies. In support of this argument, TGA cites dicta in *Bor–Son* to the effect that a claim against the insured for loss of rents might be covered by a commercial liability policy. *Bor–Son,* 323 N.W.2d at 64. Subsequent Minnesota cases, however, have treated loss of use resulting from defective construction as outside the coverage of policies containing the same language as those involved in this case. *Quality Homes, Inc. v. Bituminous Casualty Corp.,* 355 N.W.2d 746 (Minn.Ct.App.1984); *T.E. Ibberson Co. v. American and Foreign Ins. Co.,* 346 N.W.2d 659 (Minn.Ct.App.1984). We are satisfied that the Supreme Court of Minnesota would agree with these holdings of the intermediate appellate court, because they are compelled by the plain words of the policies. That is because property damage in these policies is specifically defined to include not only physical injury to tangible property, but also loss of use of tangible property whether or not physically injured. As we have already determined that all of the property damage alleged in the underlying case against TGA is excluded from coverage because it arose from TGA's "work," any distinction among types of property damage is not relevant: exclusion of property damage from coverage in this case precludes coverage for loss of use.

## IV.

Finally, TGA asserts that the claims by Gribble & Sayre are covered by the personal injury liability coverage of the Employers policy. In that policy, personal injury is defined to include "wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord, or lessor." We doubt very much that coverage is available to TGA under this provision at all, for we are unable to see how TGA could even colorably be characterized as an "owner, landlord, or lessor." But we pass over this point since we think that coverage is quite clearly unavailable because of the exclusion of coverage for personal injury "[f]or which the insured has assumed liability in a contract or agreement."

 TGA maintains, first of all, that this exclusion cannot be a bar to its recovery here because the insurance company failed to identify it as a basis for denying coverage as required by Minnesota law. Minn.Stat.Ann. § 72A.201, subd. 4(11) (1994). This argument is without merit. The statute on which TGA relies makes it an unfair settlement practice to "deny a claim on the grounds of a specific policy provision ... unless reference to the provision ... is included in the denial." *Id.* First of all, we do not think that Employers is in violation of this provision. TGA's real complaint is that Employers did not deny the claim based on the contractual liability exclusion, not that they denied it on that basis but failed to provide a reference to the exclusion in their letter of denial. More fundamentally, violation of the statute gives rise to "appropriate administrative remedies, including fines." Minn.Stat.Ann. § 72A.201, subd. 1. The statute creates no private remedies, *see Morris v. American Family Mut. Ins. Co.,* 386 N.W.2d 233 (1986), and thus no estoppel can be predicated on its violation. *See also Northwest Airlines v. Federal Insurance Co.,* 32 F.3d 349, 357 (8th Cir.1994) (waiver cannot be used to bring within the coverage of an insurance policy risks not covered by its terms). To the extent that *SCSC Corp. v. Allied Mut. Ins. Co.,* 515 N.W.2d 588 (Minn.Ct.App.1994), may be contrary, we believe that the Minnesota Supreme court would reject its holding based on its holding in *Morris, supra.*

 TGA also asserts that the exclusion bars coverage only when the insured has expressly agreed by contract "to save harmless or indemnify" a third party. TGA cites *Atlantic Mut. Ins. Co. v. Judd Co.,* 367 N.W.2d 604 (Minn.Ct.App.1985), *aff'd,* 380 N.W.2d 122 (Minn.1986), in support of this argument, but we see nothing in that case that is particularly apposite. We think that the language plainly excludes coverage for contractual claims made for TGA's failure to

**1092**

provide Gribble & Sayre with a condominium unit free from defects.

Therefore, even if the presence of EMF resulted in personal injury as defined in the Employers policy, the contractual liability exclusion nonetheless precludes coverage.

### V.

For the foregoing reasons, we affirm the district court's grant of summary judgment against TGA Development, Inc.