_____

No. 95-2496
_____

Wasim Aziz,                          *
                                     *
          Appellant,                 *
                                     *
     v.                              *    Appeal from the United States
                                     *    District Court for the
Michael Groose; Jody Jackson;        *    Western District of Missouri.
Dora Schriro,                        *
                                     *         [UNPUBLISHED]
          Appellees.                 *
                          _____

               Submitted:  November 29, 1995

                  Filed:  January 12, 1996
                          _____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
                          _____

PER CURIAM.


     Wasim Aziz, a Missouri inmate in the protective custody unit
(PCU) of the Jefferson City Correctional Center (JCCC), appeals the
order of the District Court[1] granting summary judgment in favor of
the defendants on his 42 U.S.C. § 1983 (1988) claims for damages.
We affirm.


     In his complaint, Aziz claimed that he was discriminated
against on the basis of his religion in violation of the First and
Fourteenth Amendments.  Aziz named as defendants the director and
the chaplain of the Missouri Department of Corrections (MDC) and
the JCCC superintendent.  The gravamen of the complaint is that a

_____

     [1]The Honorable Scott O. Wright, United States District Judge
for the Western District of Missouri, adopting the report and
recommendation of the Honorable William A. Knox, United States
Magistrate Judge for the Western District of Missouri.

recently-adopted prison regulation that required supervision of all religious meetings had resulted in the cancellation of all Muslim "classes" and a substantial reduction in the number of Muslim religious "sessions." Aziz alleged other religious groups in the PCU continued to have religious classes after the supervision regulation was implemented. Aziz further alleged that PCU Muslims were denied both allotments from the inmate canteen fund for religious materials and representation on the canteen committee by a chaplain with voting rights. Aziz claimed that the actions of prison officials and the supervision regulation violated his equal protection and free exercise rights. He sought both damages and injunctive relief. Aziz later sought leave to file an amended complaint that would have added a defendant, new factual allegations, and new claims under the Religious Freedom Restoration Act of 1993, 42 U.S.C.A. §§ 2000bb to 2000bb-4 (1994), which was enacted after Aziz had filed his initial complaint. The magistrate judge denied this motion without prejudice.

Based on the report and recommendation of the magistrate judge, the District Court granted summary judgment in favor of the defendants on Aziz's claims for damages and dismissed as moot his claims for injunctive relief. On appeal, Aziz does not challenge the dismissal of his claims for injunctive relief.

Aziz argues that the judgment of the District Court should be reversed because the District Court improperly (1) entered summary judgment when genuine disputes of material fact existed, (2) failed to conduct a de novo review of the magistrate judge's report and recommendation, (3) denied his motions to compel discovery, and (4) denied his motion for leave to file an amended complaint. We address each of these issues in turn.

"We review de novo the granting of a summary judgment motion." Maitland v. University of Minn., 43 F.3d 357, 360 (8th Cir. 1994). "We will affirm the judgment if the record shows there is no

genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law."  Id.; see also Fed. R. Civ. P. 56(c).  The District Court properly granted summary judgment on Aziz's § 1983 claims because no disputes of material fact existed and the defendants were entitled to judgment as a matter of law.  With regard to his equal protection claims, Aziz failed to show that he was denied "a reasonable opportunity" to practice his faith "comparable to the opportunities afforded other prisoners of different faiths," see Butler-Bey v. Frey, 811 F.2d 449, 453 (8th Cir. 1987) (citing Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam)).  Aziz did not rebut defendants' evidence that no specific religious group enjoys representation on the canteen committee, and that PCU Muslims failed to receive canteen funds for religious materials only when they failed to submit requests.  Even though PCU Muslims were unable to hold any religious classes, Aziz also failed to rebut defendants' evidence that PCU Muslims could have had classes if they had arranged for a supervisor.  In sum, Aziz, as a Muslim inmate in the PCU, was treated the same as similarly situated inmates.  Everything about which Aziz complains applies to adherents of all other religions.  Thus, there was no equal protection violation.

The District Court also properly granted summary judgment on the free exercise claims because Aziz failed to offer admissible evidence that he was denied "any basic right of conscience," Butler-Bey, 811 F.2d at 454, by implementation of the supervision regulation or through the denial of religious classes, canteen allotments, and representation on the canteen committee.  PCU Muslims were able to engage in a number of religious practices-- e.g., self-prayer, individual study, individual counseling from a chaplain or volunteer, correspondence with practitioners and adherents of their faith, a pork-free diet, and meals before and after sunset during the Islamic holy month of Ramadan.

Aziz's contention that the District Court failed to conduct a proper <u>de novo</u> review of his case before adopting the magistrate judge's report and recommendation is meritless. Aziz has pointed to no evidence that would tend to show that the District Court did not conduct a proper <u>de novo</u> review. <u>See</u> <u>Jones v. Pillow</u>, 47 F.3d 251, 252-53 (8th Cir. 1995) (holding <u>de novo</u> review presumed unless affirmative evidence indicates otherwise).

As to the denial of Aziz's motions to compel discovery, we review a district court's exercise of its broad discretion with respect to discovery motions for "gross abuse of discretion resulting in fundamental unfairness at trial." <u>Lee v. Armontrout</u>, 991 F.2d 487, 489 (8th Cir.) (per curiam) (quoted case omitted), <u>cert. denied</u>, 114 S. Ct. 209 (1993). In the circumstances of this case, we find that the District Court did not grossly abuse its discretion nor has Aziz shown fundamental unfairness.

Finally, we conclude that Aziz's motion for leave to amend his complaint was properly denied without prejudice. We review the denial of a motion to file an amended complaint for abuse of discretion. <u>Lee</u>, 991 F.2d at 489. In the circumstances of this case, we find no abuse of discretion, and we note that Aziz is free to file a separate action based on the new claims he would have made in an amended complaint.

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-