95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregorio C. FUNTANILLA, Jr., Plaintiff-Appellant,
v.
J. CAMPBELL; M.U. Burvant, M.D.; T. Zink; J. Kaufman; G.
Coleman; M. Johnson; Hanson, Chief Medical Officer; S.
Bonaccorso; J. Pearson; J. Case; Valadez; Rosario; T.J.
Brown; A. Tomasetti; Platt; D. Moscetti; Dean; Malone;
Luevano; Gonzalez; Durrall; Higgins; Turner; McGee;
Suit; Crow; J. Jennings; Field; Defendants-Appellees.
 No. 96-15439.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 26, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff-appellant Gregorio C. Funtanilla, Jr., a California state prisoner, filed this 42 U.S.C. § 1983 action pro se, alleging that defendants-appellees, various prison officials, violated his constitutional rights by denying him certain privileges while housed in administrative segregation. The district court granted summary judgment in favor of defendants, and Funtanilla appeals. We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). We affirm.
 
 BACKGROUND
 
 3
 On December 23, 1991, prison officials at California State Prison Folsom placed Funtanilla into administration segregation because he sexually assaulted a staff member. On December 27, 1991, Funtanilla refused to take tuberculosis ("TB") medication as ordered by a prison medical technician. Funtanilla told the technician that he did not need to take the medication because he was not infected with TB.
 
 
 4
 It is unclear why defendants required Funtanilla to take the TB medication. Funtanilla has submitted prison records showing that he tested negative for TB in June 1990, and had a clear chest X-ray in November 1991. During his stay in administrative segregation lasting through April 1992, Funtanilla repeatedly refused to submit to a TB skin test or chest X-ray.[1] Funtanilla was therefore placed into "single cell" status and treated as a carrier of TB.
 
 
 5
 Funtanilla filed a claim under 42 U.S.C. § 1983 alleging various constitutional violations stemming from defendants' mistaken belief that Funtanilla had TB. A magistrate judge recommended that summary judgment be granted to defendants on all claims with the exception of Funtanilla's claims that (1) the denial of his visitation rights violated the Fourteenth Amendment; (2) the denial of access to the yard or exercise violated the Eighth Amendment; and (3) the denial of access to his legal materials violated the First Amendment. The district court entered summary judgment on all claims, concluding that Funtanilla's refusal to take the TB test caused any injuries that he suffered. Funtanilla appeals the district court's decision with respect to the three claims in which the Magistrate recommended against summary judgment.
 
 DISCUSSION
 
 6
 To establish a claim under 42 U.S.C. § 1983, a plaintiff must establish "the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).
 
 I. Visitation
 
 7
 Funtanilla claims the limitations placed on his visitation privileges violated his right to due process. The Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty or property, without due process of law." U.S. Const., Amend. XIV, § 1. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Specifically, states may protect interests, that, if left unprotected, would impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. The complete denial of visitation rights is an interest that would impose "atypical and significant hardship" on an inmate. Accordingly, it is the type of interest in which California may create a liberty interest.
 
 
 8
 California Penal Code § 2601(d) provides that the right to visitation is a "civil right" of California prisoners. Accordingly, we conclude that California has in fact created a liberty interest with respect to visitation rights. However, that right is limited; prison officials may provide "any restrictions that are necessary for the reasonable security of the institution." Cal.Penal Code § 2601(d).
 
 
 9
 Preventing disease and protecting the health of visitors and inmates are unquestionably legitimate penological goals. See Thompson v. City of Los Angeles, 885 F.2d 1439, 1447 (9th Cir.1989) (prison officials have a compelling interest in preventing disease). Moreover, we recognize that tuberculosis is a highly contagious disease in prison populations. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.), cert. denied, 510 U.S. 875 (1993). Accordingly, we conclude the restrictions placed on Funtanilla's visitation privileges while his status as a potential carrier of TB was determined, was a reasonable restriction necessary for the security of the institution. Therefore, restricting Funtanilla's visitation privileges did not violate due process.
 
 II. Exercise and Yard Privileges
 
 10
 Funtanilla also contends he was denied access to all yard and exercise privileges, which amounted to a violation of the Eighth Amendment. To succeed on an Eighth Amendment claim, a plaintiff must show: 1) the deprivation was sufficiently serious to implicate the Eighth Amendment; and 2) the defendants denied the plaintiff with deliberate indifference to health and safety. Wilson v. Seiter, 501 U.S. 294, 298 (1991).
 
 
 11
 Wilson held that exercise is one of the basic "human needs" protected by the Eighth Amendment. Id. at 304. Accordingly, Funtanilla has satisfied the objective prong of Wilson. Funtanilla cannot, however, raise a genuine issue of material fact that defendants denied him exercise with deliberate indifference to his health and safety. We have held that where the plaintiff's loss of exercise privileges is directly linked to his own misconduct, there is no Eighth Amendment violation. LeMaire v. Maass, 12 F.3d 1444, 1458 (9th Cir.1993). Here, because defendants did not know whether Funtanilla was a TB carrier, and Funtanilla would not be tested to clear up the confusion, defendants had to limit Funtanilla's exercise privileges for the good of the institution. See Turner v. Safely, 482 U.S. 78, 89 (1987) (prison policies that infringe on an inmate's constitutional rights are valid if they are reasonably related to a legitimate penological goal). Funtanilla held the key to restoration of exercise privileges; all he had to do was submit to a TB test. He cannot now complain that denial of exercise violated his Eighth Amendment rights.
 
 III. Access to Stored Legal Materials
 
 12
 Finally, Funtanilla contends he was denied adequate access to legal materials in violation of the First Amendment. The First Amendment requires states to ensure indigent prisoners meaningful access to court. Bounds v. Smith, 430 U.S. 817, 821 (1977). A prisoner who alleges that his right of access to court was violated because of inadequate access to legal materials must show an actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir.1994), cert. denied, 116 S.Ct. 91 (1995). That is, the plaintiff must provide specific examples in which "he was actually denied access to courts." Allen v. Sakai, 48 F.3d 1082, 1090 (9th Cir.1994), cert. denied, 115 S.Ct. 1695 (1995) (quoting Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989)).
 
 
 13
 Although plaintiff has alleged various inconveniences associated with defendants' responses to his requests for legal materials, he has not provided any evidence of being denied access to courts. Accordingly, Funtanilla has not raised a genuine issue of material fact with respect to this claim.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Funtanilla's motion for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Funtanilla was finally tested at the end of May 1993, and it was established he did not have TB
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Reform Litigation Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)