# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3738

_____

Donnie Lair,                              *
                                          *
      Appellant,                    *
                                          *
      v.                            *    Appeal from the United States
                                          *    District Court for the
Larry Norris, Director, Arkansas          *    Eastern District of Arkansas.
Department of Correction; G. David        *
Guntharp, Deputy Director, Central        *    [UNPUBLISHED]
Office, Arkansas Department of            *
Correction; Randall Morgan, Warden,       *
Maximum Security Unit, Arkansas           *
Department of Correction; Richard E.      *
Wimberly, Major, Maximum Security         *
Unit, Arkansas Department of              *
Correction; Jimmy Via, Lt. Maximum        *
Security Unit, Arkansas Department of     *
Correction, (originally sued as Jimmy     *
Vie); Mark Nordell, Sgt. Maximum          *
Security Unit, Arkansas Department of     *
Correction, (originally sued as Sgt       *
Nordell); Callaway, Sgt., Maximum         *
Security Unit, Arkansas Department of     *
Correction; R.D. Allen, Maximum           *
Security Unit, Arkansas Department of     *
Correction; Moses Jackson, Sgt.           *
Maximum Security Unit, Arkansas           *
Department of Correction, (originally     *
sued as Sgt. Jackson); Gary Keith, Sgt.   *
Maximum Security Unit, Arkansas           *
Department of Correction, (originally     *

sued as Sgt. Keith); Arkansas     *
Department of Correction, Pine Bluff,     *
Arkansas; Steve Outlaw, Assistant     *
Warden, Maximum Security Unit,     *
Arkansas Department of Correction,     *
(originally sued as S. Outlaw),     *
    *
          Appellees.     *

_____

Submitted: March 1, 2002

Filed: April 3, 2002

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

PER CURIAM.

After Arkansas inmate Donnie Lair was attacked in the exercise yard by fellow inmate Barry Turner, Lair brought the instant 42 U.S.C. § 1983 failure-to-protect action. The District Court[1] dismissed the suit after an evidentiary hearing, and Lair appeals. Having reviewed the District Court's factual findings for clear error and its conclusions of law de novo, see Choate v. Lockhart, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993), we affirm.

Contrary to Lair's assertions on appeal, the District Court did not abuse its discretion in denying his various pre-hearing motions. See Beard v. Flying J, Inc.,

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

266 F.3d 792, 802 (8th Cir. 2001) (continuance); Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (discovery), cert. denied, 510 U.S. 875 (1993); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (appointment of counsel), cert. denied, 504 U.S. 930 (1992). Further, Lair's claims against the Arkansas Department of Correction (ADC), ADC Director Larry Norris and Deputy Director G. Guntharp, Tucker Maximum Security Unit (MSU) Assistant Warden Steve Outlaw, and MSU Correctional Officers Richard Wimberly and Jimmy Via were properly dismissed. See Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), cert. dismissed, 529 U.S. 1001 (2000); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (supervisory liability).

As to the remaining properly served defendants, Lair failed to present evidence that MSU Warden Randall Morgan and MSU Officers Mark Nordell and Gary Keith consciously disregarded a substantial risk to his personal safety. See Spruce v. Sargent, 149 F.3d 783, 785 (8th Cir. 1998); Newman v. Holmes, 122 F.3d 650, 653 (8th Cir. 1997) (deliberate indifference includes something more than negligence but less than actual intent to harm). Finally, although Lair presented evidence implicating defendant MSU Officer Moses Jackson in a scheme to have inmate Turner attack Lair, the defense presented contrary evidence, and the District Court resolved these witness credibility issues, as it is entitled to do, by crediting the defense's testimony. See United States v. Hyatt, 207 F.3d 1036, 1038 (8th Cir. 2000) (district court's factual findings will be disturbed only for clear error, especially when findings involve resolution of witness credibility issues).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.