# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3470
_____

Ivron G. Butler; Steve G. Jimerson,     *
   *
        Appellants,    *
   *
Christopher L. Carroll,    *
   *   Appeal from the United States
        Plaintiff,    *   District Court for the
   *   Western District of Missouri.
     v.    *
   *      [UNPUBLISHED]
Mike Kemna, Superintendent;    *
William Wayne; Marvin Kelman;    *
Elijah Nagbe,    *
   *
        Appellees.    *

_____

Submitted: May 7, 2002
Filed: June 12, 2002
_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.
_____

PER CURIAM.

Missouri inmates Ivron G. Butler and Steve G. Jimerson appeal the District Court's[1] adverse grant of summary judgment in their 42 U.S.C. § 1983 lawsuit.

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Having carefully reviewed the record, see Thomas v. Gunter, 103 F.3d 700, 702 (8th Cir. 1997) (standard of review), we affirm.

Butler and Jimerson, who are Southern Baptists, and others who are not parties to this appeal, sued Crossroads Correctional Center administrators and chaplains, and a Missouri Department of Corrections director, claiming equal protection and First Amendment free-exercise violations. They alleged that defendants determined when and how inmates could convert to other religions through a "declaration" policy; and refused to provide separate meetings for Baptists, to offer baptism and communion, and to allot time for choir practice and prayer.

Initially we conclude, contrary to appellants' contentions, that the District Court's summary judgment ruling was not premature, as appellants did not seek a continuance under Federal Rule of Civil Procedure 56(f), see Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997), and that the Court did not abuse its discretion in denying their motions to compel discovery, see Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (standard of review for gross abuse of discretion), cert. denied, 510 U.S. 875 (1993), and to appoint counsel, see Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (listing factors), cert. denied, 504 U.S. 930 (1992).

Turning to the merits, we conclude that summary judgment was proper. As to the free-exercise claims, the evidence showed that the challenged policies and practices were logically related to legitimate penological interests, see Thomas v. Gunter, 32 F.3d 1258, 1259-60 (8th Cir. 1994) (applying factors enumerated in Turner v. Safley, 482 U.S. 78 (1987) to restrictions placed on inmates' religious practices), and that the free exercise of appellants' sincerely held religious beliefs was not substantially burdened, see Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997). As to the equal-protection claims, for each challenged policy or practice, appellants either failed to show dissimilar treatment, or failed to show they were similarly

situated to other religious groups.  See Rouse v. Benson, 193 F.3d 936, 942-43 (8th Cir. 1999) (describing the equal protection analysis).  Appellants' remaining arguments provide no basis for reversal.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.