# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2400

_____

Marvin Livingston,                          *
                                            *
              Appellant,                     *
                                            *    Appeal from the United States
       v.                                    *    District Court for the
                                            *    Eastern District of Arkansas.
Edward Adams, Originally Sued As Ed          *
Adams; Cynthia Hunter, Originally           *    [UNPUBLISHED]
Sued As Hunter; Emmett Johnson,             *
Originally Sued As Johnson; Sandra          *
Dolphin, Originally Sued As Dolphin,        *
                                            *
              Appellees.                     *

_____

Submitted: April 5, 2012
Filed: May 3, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Marvin Livingston appeals the district court's[1] judgment dismissing his 42 U.S.C. § 1983 action after an evidentiary hearing. Following

_____

[1] The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

careful review, we conclude that the district court did not clearly err in finding that defendant Edward Adams did not use excessive force during a January 27, 2009 incident, given the evidence of Livingston's aggressive behavior and Adams's use of an amount of force he deemed necessary to subdue Livingston.  See Hartsfield v. Colburn, 491 F.3d 394, 395-96 (8th Cir. 2007) (where there is no jury demand, evidentiary hearing before magistrate judge in inmate's conditions-of-confinement case "is the equivalent of a bench trial"; appellate court reviews district court's factual findings for clear error and its legal conclusions de novo); Andrews v. Neer, 253 F.3d 1052, 1060-61 & n.7 (8th Cir. 2001) (standard for evaluating excessive-force claims of pretrial detainees).  We also agree with the district court that Livingston's failure to establish an excessive-force claim against Adams is fatal to his claim that the other defendants should have intervened.  See Hicks v. Norwood, 640 F.3d 839, 843 (8th Cir. 2011).  Further, to the extent Livingston is challenging any discovery rulings, we find no abuse of discretion.  See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (standard of review).

Accordingly, the judgment is affirmed.  See 8th Cir. R. 47B.

_____