GLD-184                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2601
_____

ALEXANDER MALTEZOS,
                                                 Appellant

v.

NIKITAS GIANNAKOUROS, also known as Nick;
MARIA DELORENZO; LEO SOKOLOSKI,
Chief of the Police Bloomsburg Police Department
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-02376)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 4, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: April 12, 2013)
_____

OPINION
_____

PER CURIAM

     Pro se appellant, Alexander Maltezos, appeals from an order of the United States

District Court for the Middle District of Pennsylvania, dismissing his pro se complaint

without prejudice for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). We will affirm.

Maltezos commenced the underlying action by submitting a complaint and an application for leave to proceed in forma pauperis ("*ifp*") to the United States District Court for the Eastern District of Pennsylvania in July of 2011. Maltezos' complaint alleged diversity jurisdiction and named three defendants – Giannakouros, Delorenzo and Sokoloski. In an order entered on July 27, 2011, the District Court granted Maltezos' *ifp* motion, filed his complaint, directed the Clerk to issue summonses, and instructed the U.S. Marshal's Service to serve the summonses and complaint upon the named defendants. Sokoloski was served in early October and, that same month, filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) seeking to have the complaint dismissed for failure to state a claim and for improper venue. The District Court granted the motion to dismiss, struck the complaint as to Sokoloski, and transferred the case to the District Court for the Middle District of Pennsylvania.

The Marshal subsequently returned service unexecuted as to the other two defendants. The return of service forms (USM-285) indicate that the Marshal attempted to serve defendants Giannakouros and Delorenzo at the three addresses provided in the complaint, but found the addresses to be vacant properties. The District Court directed Maltezos to provide more specific information on these two defendants. Maltezos responded and provided four addresses – three of which were the same as those listed in the complaint (i.e., the apparently vacant properties), and one of which was a new address

2

in Georgia.  The Marshal was directed to serve defendants Delorenzo and Giannakouros at the addresses provided.  The Marshal thereafter attempted service at the new address in Georgia.  Once again, the Marshal returned the USM-285 forms unexecuted, noting that the Georgia address was for a closed restaurant and a closed empty building.

The Magistrate Judge to whom the complaint had been referred issued a Report and Recommendation ("R&R") in April 2012, recommending, inter alia, that the complaint be dismissed without prejudice as a result of Maltezos' failure to serve defendants within 120 days of filing the complaint.  The Magistrate Judge based that recommendation on the determination that Maltezos did not show good cause for failure to provide a proper address for service.  The Magistrate Judge noted Maltezos' allegation that defendants Delorenzo and Giannakouros were criminals and that Giannakouros was in the country illegally, and commented that the Marshal had already spent considerable time and effort attempting service.

Maltezos objected to the R&R.  However, instead of providing any additional information regarding a proper address for defendants Delorenzo and Giannakouros, he simply provided their phone numbers and the phone numbers for several other individuals.  In an order entered on May 14, 2012, the District Court adopted the R&R and dismissed the case without prejudice pursuant to Fed. R. Civ. P. 4(m).  Maltezos appealed, challenging the District Court's Rule 4(m) dismissal.

We have jurisdiction under 28 U.S.C. § 1291.  See Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991) (order of dismissal is final and appealable under § 1291where

3

complaint filed by a plaintiff granted leave to proceed *ifp* is dismissed without prejudice for failure to effect service of process). Rule 4(m) provides that the District Court shall dismiss the complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 120 days after the filing. See Fed. R. Civ. P. 4(m). A District Court must extend the time for service, however, where a plaintiff demonstrates good cause for the failure to timely serve the defendant. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time. See Petrucelli v. Bohringer & Ratzinger, GMHB, 46 F.3d 1298, 1305-06 (3d Cir. 1995). We review a dismissal pursuant to Rule 4(m) for an abuse of discretion. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996).

While Fed. R. Civ. P. 4(c)(3) requires that the court effect service of the summons and complaint for a plaintiff who is proceeding *ifp,* the plaintiff must provide sufficient information for the court to do so. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (it is the responsibility of a plaintiff proceeding pro se and *ifp* to provide proper addresses for service). Maltezos has not provided valid addresses for defendants Delorenzo and Giannakouros so that the U.S. Marshal could properly effect service. The Marshal's Service attempted to, but could not, locate defendants Delorenzo and Giannakouros at all four of the addresses provided by Maltezos. On the record presented

and given the information provided by Maltezos, we cannot conclude that the District Court erred in determining that the Marshal's Service has fulfilled its duty.

Under these circumstances, Maltezos has not shown good cause for an extension of the Rule 4(m) period; the Marshal's Service is not required to attempt service into perpetuity at the same address. Moreover, at this stage, it is clear that Maltezos cannot provide the necessary information to effect service on defendants Delorenzo and Giannakouros. In his notice of appeal and then again in a post-judgment motion requesting an additional attempt at service, Maltezos simply insists that Giannakouros still lives at one of the addresses set forth in the complaint – an address that the Marshal's Service concluded was an apparently vacant building when it attempted personal service of the first set of summonses. As a discretionary extension of time is unlikely to yield any fruitful results, dismissal of the complaint without prejudice as to the remaining

defendants for failure to timely effect service was appropriate.[1]  See Boley v. Kaymark,

123 F.3d 756, 758 (3d Cir. 1997); Petrucelli, 46 F.3d at 1305-06.

For the foregoing reasons and because the appeal presents no substantial question,

we will summarily affirm the District Court's order of dismissal.  See Third Circuit LAR

27.4 and I.O.P. 10.6.

---

[1] To the extent Maltezos also challenges the Order entered in the Eastern District with respect to the dismissal of defendant Sokoloski, he fares no better as we agree with the District Court's determination that Maltezos failed to state a claim against defendant Sokoloski.  In exercising plenary review over this determination, see Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009), "we must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Id. at 210 (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  As noted by the District Court, Maltezos' complaint does not assert any cognizable legal theories against Sokoloski, nor does it state factual allegations sufficient to show that there is a plausible claim for relief against him.  In fact, Maltezos does not mention Sokoloski in the complaint at all other than to identify him as a defendant. Moreover, we are satisfied that amendment to the complaint with respect to defendant Sokoloski would be futile, and therefore conclude that the District Court properly dismissed the complaint against Sokoloski without leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (noting that a court should not dismiss a pro se complaint without granting leave to amend unless "amendment would be inequitable or futile").