BLD-347                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2144
_____

CHARLES TALBERT,
                    Appellant

v.

CORIZON INC; MICHELLE DILAURO; MOHAMMAD HAQUE;
BRUCE BLATT; JEAN PATEL; KIMBERLEE ADAMS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-16-cv-05545)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 31, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion Filed: October 16, 2017)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Charles Talbert appeals the District Court's dismissal of a suit under 42 U.S.C. § 1983 against several employees of Corizon, Inc. ("Corizon"), the medical provider at Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia, alleging violations of the First and Eighth Amendment. The claims stem from the medical treatment Talbert received while he was incarcerated at CFCF for three months in 2016. For the reasons given here, we will summarily affirm.

In 2014, Talbert filed a different suit against Corizon, concerning events that occurred when he was incarcerated at CFCF on a separate occasion. That case settled in April 2016 and in mid-July 2016, Talbert returned to CFCF on a probation violation. He alleged that when he was waiting in the triage area to be screened for tuberculosis upon readmission into the facility, an unidentified Corizon employee made comments about his 2014 suit and then threatened to stick him with a needle contaminated with HIV. Fearing that he would be stuck with the HIV-infected needle, Talbert refused the blood test for tuberculosis. He was then placed in "medical lock-in" for 24 hours, until he ultimately "decided to let Corizon employees stick him with a needle."[1] See Compl. ¶¶ 8-14.

Talbert remained incarcerated at CFCF for approximately three more months, until early-October 2016. During that time, he filed several requests asking to either "have an x-ray examination check for tuberculosis" or to be taken to an outside medical facility to

---

[1] It is unclear from the complaint and from Talbert's other filings whether this constituted the blood test for tuberculosis and, if it did, what the results were.

have blood testing for tuberculosis done. All of these requests were denied. See id. ¶¶ 16-17.

Talbert filed this lawsuit shortly after he was released from CFCF. In May 2017, the District Court dismissed his complaint with leave to file an amended complaint within 14 days. Talbert did not, however, file an amended complaint. He instead filed a timely notice of appeal.

We have jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1291. A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 376 (3d Cir. 2005) (internal quotations omitted). Generally, an order which dismisses a complaint without prejudice is neither final nor appealable unless the plaintiff "declares his intention to stand on his complaint." Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). In this regard, there is no "clear rule for determining when a party has elected to stand on his or her complaint." Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009). But we have determined that a party does so when, as is the case here, it has been given leave to amend within a certain amount of time and instead files a notice of appeal. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). Consequently, we have appellate jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over the order granting the defendants' motion to dismiss. Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). In reviewing the dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the

complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Talbert first alleged that the threat to stick him with an HIV-infected needle was in retaliation for having filed the 2014 lawsuit against Corizon.  We agree with the District Court's dismissal of this First Amendment retaliation claim on the basis that Talbert failed to adequately allege that any of the named defendants were personally involved in either making the threat or placing him in "medical lock-in" as a result of his refusal to undergo the tuberculosis test.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Indeed, Talbert alleged only that some "unknown, very slim Corizon employee" threatened him with the HIV-infected needle, Compl. ¶ 11, and that "Corizon" ordered the medical lock-in, id. ¶ 14.  Moreover, Talbert did not name any unidentified individuals as defendants, and the allegations against the Corizon employees against whom he did bring suit solely concern their alleged subsequent refusal to perform an x-ray tuberculosis test or refer him to an off-site medical facility.  And the District Court properly determined that Talbert failed to state a claim against Corizon pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), because he failed to allege facts plausibly demonstrating the existence of a relevant custom or policy of Corizon.  See

4

Mulholland v. Gov't Cty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013). The First Amendment retaliation claim, therefore, fails.

We also agree with the District Court that Talbert has not sufficiently alleged an Eighth Amendment violation. The Eighth Amendment prohibits deliberate indifference towards the serious medical needs of prisoners as it constitutes the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 105 (1976). In order to state a cognizable claim, a plaintiff must allege "(1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle, 429 U.S. at 106).

A medical need is generally "serious" if it is either "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (quotations omitted). But "serious medical needs" are not limited to "current serious health problems," Helling v. McKinney, 509 U.S. 25, 34 (1993), as the fact "[t]hat the Eighth Amendment protects against future harm to inmates is not a novel proposition," id. at 33. In this regard, "prison officials may [not] be deliberately indifferent to the exposure of inmates to a serious, communicable disease on the ground that the complaining inmate shows no serious current symptoms." Id.; see also Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (noting that tuberculosis is a highly contagious, communicable disease having the potential to become epidemic in prison populations).

5

But even if Talbert adequately alleged an objectively "serious medical need," he did not adequately allege "deliberate indifference." Talbert relies exclusively on the fact that prison medical staff would not x-ray him for tuberculosis or send him outside of CFCF to have tuberculosis testing done elsewhere. Yet deliberate indifference requires that prison officials know of an excessive risk to an inmate's health or safety and disregard that risk. Farmer v. Brennan, 511 U.S. 825, 835 (1994). Talbert's complaint in fact acknowledged that tuberculosis testing was available at CFCF, and he did not allege that any of the named defendants even knew of his stated reason (the threat he received at intake) for refusing that tuberculosis test. Moreover, "mere disagreement as to the proper medical treatment [does not] support a claim of an eighth amendment violation." See Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 346. Consequently, Talbert has not sufficiently alleged an Eighth Amendment violation here.

Accordingly, for the reasons stated above, we will affirm the District Court's dismissal of Talbert's claims.