

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-1998

# McCurdy v. Amer Bd Plastic

Precedential or Non-Precedential:

Docket 97-1971

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"McCurdy v. Amer Bd Plastic" (1998). *1998 Decisions.* Paper 232.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/232

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed September 22, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-1971

JOHN A. MCCURDY, JR., M.D.;
JOHN A. MCCURDY, JR., M.D., FACS, INC.,
       Appellants

v.

AMERICAN BOARD OF PLASTIC SURGERY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 97-cv-03047)

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 1998

Before: SLOVITER and ROTH, Circuit Judges, and
FEIKENS,* District Judge

(Filed September 22, 1998)

        Robert A. Smith
        Kaneohe, HI 96744

         Attorney for Appellants

        Gabriel L. Bevilacqua
        Saul, Ewing, Remick & Saul
        Philadelphia, PA 19102

         Attorney for Appellee
_____

* Hon. John Feikens, Senior District Judge, United States District Court
for the Eastern District of Michigan, sitting by designation.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

This appeal requires us to consider the intersection of Rules 4(m) and 12(h) of the Federal Rules of Civil Procedure, in particular whether an objection to service of process as untimely under Rule 4(m) may be waived under 12(h) if not made in compliance with Rule 12(g). Surprisingly, it is an issue we have not previously addressed.

I.

Appellant John A. McCurdy, Jr., M.D., is a licensed physician practicing cosmetic surgery in the State of Hawaii through the professional corporation of John A. McCurdy, Jr., M.D., FACS, Inc., wholly owned by McCurdy (collectively referred to as "McCurdy"). McCurdy filed for bankruptcy after a jury awarded a former patient $2 million in her malpractice suit against him. Thereafter, on June 10, 1996, McCurdy filed a complaint in the United States District Court for the District of Hawaii against the American Board of Plastic Surgery ("ABPS") (the appellee here), the Hawaii Plastic Surgery Society, the American Society of Plastic and Reconstructive Surgeons, Inc., seven individual plastic surgeons, and two professional medical corporations. McCurdy alleged unfair competition, unlawful restraint of trade and various antitrust violations in the field of cosmetic plastic surgery under the Clayton Act, 15 U.S.C. S 15 (1994), the Sherman Act, 15 U.S.C.SS 1–2 (1994), and Haw. Rev. Stat. S 480–13(a)(1). Among the overt acts alleged was the testimony of a California plastic surgeon on behalf of the plaintiff in the malpractice suit. On October 4, 1996, McCurdy filed an amended complaint, pursuant to Fed. R. Civ. P. 15(a), naming an additional defendant, the American Board of Medical Specialties ("ABMS").

The instant appeal involves only defendant ABPS, which was served with both the original and amended complaints

2

on October 28, 1996, 20 days after the expiration of the original 120-day period provided for under Fed. R. Civ. P. 4(m). McCurdy claims that he failed to serve ABPS during the 120-day period because counsel had used that time to make his Rule 11 inquiry, concluding by October 4, 1996, that a factual and legal basis for suit existed. Although service had been initially mailed to ABPS on October 4, 1996, it was directed to William D. Morain, M.D., who was no longer employed by ABPS. Consequently, McCurdy re-served ABPS on October 24, 1996. This time, service was directed to Constance Hanson, an ABPS administrator, who accepted it on October 28, 1996.

On January 17, 1997, ABPS moved to dismiss McCurdy's claims under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, asserting that Hawaii lacked personal jurisdiction over it and that venue was improper. ABPS did not allege a defect in the October 28 service of process pursuant to Rules 12(b)(4) or 12(b)(5).

On January 27, 1997, the Hawaii district court granted a motion to dismiss for lack of personal jurisdiction and improper venue filed by defendant ABMS. The court reasoned that under Hawaii's long-arm statute, Hawaii had no jurisdiction over ABMS and that even if it did, McCurdy's claims with respect to ABMS were barred by the statute of limitations.

McCurdy anticipated that the court would apply the same reasoning to ABPS, which like ABMS had been served under Hawaii's long-arm statute. Therefore, McCurdy sought to moot the issue of personal jurisdiction under the state long-arm statute by re-serving ABPS under the Clayton Act, which provides that process on a corporate defendant "may be served in the district of which it is an inhabitant, or wherever it may be found." 15 U.S.C. S 22 (1994). McCurdy believed that the October 4 filing of the first amended complaint initiated a new 120-day time period in which to serve ABPS, but even that period would have expired on February 3, 1997. On February 5, 1997, McCurdy filed an ex parte motion requesting the court to exercise its discretion under Fed. R. Civ. P. 4(m) to extend the 120-day period by nine days. On February 7, 1997, while the ex parte motion was pending, the amended

3

complaint was personally served on ABPS. Although the first service was designated in counsel's cover letter as under the Hawaii long-arm statute, the February service was ostensibly under the nationwide service provision of the Clayton Act. A week later, the Hawaii magistrate judge denied without prejudice McCurdy's ex parte motion to enlarge the time in which to serve. On February 27, 1997, ABPS moved to quash the February 7, 1997 service on the ground that it was untimely under Rule 4(m). The record contains no indication of any ruling on that motion.

On April 11, 1997, the Hawaii district court, ruling on ABPS's January 17 motion to dismiss, held that it lacked personal jurisdiction over ABPS and that venue was improper. Nonetheless, the court then transferred McCurdy's suit against ABPS to the Eastern District of Pennsylvania "in the interest of justice," as it would have otherwise been time-barred as of that time. McCurdy never re-served ABPS.

On May 13, 1997, following the transfer, ABPS filed a motion to dismiss arguing that the original October 28, 1996, service was untimely. McCurdy opposed the motion and filed a cross-motion for an extension of time to effect service. McCurdy argued that ABPS had waived any challenges to the timeliness of the October service because its motion to dismiss the action in the District of Hawaii listed as grounds only lack of personal jurisdiction and venue. On November 12, 1997, the Pennsylvania district court granted ABPS's motion on the ground that McCurdy had failed to effect service within 120 days of either the original or first amended complaints. The court read the language of Rule 4(m) that requires that service of process be made within 120 days to be mandatory, and not subject to waiver. Thereafter, the court determined that McCurdy had not been diligent in attempting to serve ABPS and declined to find good cause for extending the time for service. Accordingly, the district court dismissed McCurdy's complaint against ABPS. McCurdy now appeals that dismissal.

II.

McCurdy argues on appeal that the district court erred in determining that failure to effect service in compliance with

4

Rule 4(m) requires dismissal and is not subject to waiver by the defendant. He claims that ABPS waived any challenge to the October 28 service by not raising it in the Rule 12 motion filed in Hawaii on January 17, 1997. In that motion, ABPS moved to dismiss based on lack of personal jurisdiction and venue but not on the ground that service had been untimely. Issues concerning the propriety of service under Rule 4 are subject to plenary review. See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 481 (3d Cir. 1993).

Rule 12(g) provides that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted." Fed. R. Civ. P. 12(g).

The Rule "contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d S 1384 at 726 (1990). Thus, if a defendant seeks dismissal of the plaintiff 's complaint pursuant to Rule 12(b)(5) on the ground that service of process was insufficient or ineffective, it must include that defense either in its answer or together with any other Rule 12 defenses raised in a pre-answer motion. See generally 2 James Wm. Moore et al., Moore's Federal Practice, S 12.21 (3d ed. 1997).

In turn, Rule 12(h) provides:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Fed. R. Civ. P. 12(h)(1) (emphasis added).

Thus, if a Rule 12 motion is made and the defendant omits its objection to the timeliness or effectiveness of

5

service under Rule 12(b)(5), that objection is waived. This court has long recognized that objections to service of process are waived if not timely raised. See, e.g., Government of the Virgin Islands v. Sun Island Car Rentals, Inc., 819 F.2d 430, 433 (3d Cir. 1987) (defective service waived if not challenged in first defensive pleading); Konigsberg v. Shute, 435 F.2d 551, 551-52 (3d Cir. 1970) (per curiam) (finding defendant waived right to assert defenses of lack of personal jurisdiction and insufficiency of process where these objections were not raised in first responsive pleading); Zelson v. Thomforde, 412 F.2d 56, 58-59 & n.8 (3d Cir. 1969) (per curiam) (deeming defendants' objection to service of process waived where defendants initially moved to dismiss only on statute of limitations grounds).

The courts of appeals in our sister circuits have reached the same conclusion. See Armstrong v. Sears, 33 F.3d 182, 188 (2d Cir. 1994) (noting that Fed. R. Civ. P. 12(g) requires consolidation of defenses and Fed. R. Civ. P. 12(h)(1) requires that objections to service be included infirst Fed. R. Civ. P. 12 motion); Golden v. Cox Furniture Mfg. Co., 683 F.2d 115, 118 (5th Cir. 1982) (stating challenges to service of process must be included at time of first Rule 12 motion); O'Brein v. R.J. O'Brein & Assocs., 998 F.2d 1394, 1399-1401 (7th Cir. 1993) (party must include defense of insufficiency of process in its first Rule 12 motion, or its ability to do so is waived); United States v. One 1978 Piper Cherokee Aircraft, 91 F.3d 1204, 1208 (9th Cir. 1994) (objection to sufficiency of process waived if not made in motion pursuant to Rule 12); Sanderford v. Prudential Ins. Co., 902 F.2d 897, 900 (11th Cir. 1990) (recognizing that insufficiency of process defense is waiveable); cf. RTC v. Starkey, 41 F.3d 1018, 1021 (5th Cir. 1995) (affirming district court's denial of motion for leave to file motion to dismiss where defendant waived insufficiency of process by failing to raise it in answer).

On its face, the language of Rule 4(m) appears to be inconsistent with Rule 12's waiver scheme. It provides that where service is not effected on a defendant within 120 days of the filing of the complaint, the court"upon motion or on its own initiative . . . shall dismiss the action without

6

prejudice as to that defendant." Fed. R. Civ. P. 4(m). The district court here concluded that an objection to the timeliness of service was governed by the "clear, mandatory time requirements set forth in the Rule," so that Rule 4(m) effectively overrides the waiver provisions of Rule 12(h). See Dist. Ct. Op. at 5 n.2. Though an arguably plausible resolution, courts and commentators addressing the apparent tension between Rules 4(m) and 12(h) have unanimously concluded that Rule 4(m) does not trump Rule 12(h) and that an objection that service is untimely under Rule 4(m) is subject to waiver by the defendant if not made in compliance with Rule 12. See 4A Wright & Miller, Federal Practice and Procedure: Civil 2d S 1137 at 81 (Supp. 1998) ("the mandatory-sounding language of Rule 4(m), stating that a court `shall dismiss' an action if service is not effected within 120 days, does not affect waiver under Rule 12(h)(1)(B) if a defendant files a responsive pleading that omits insufficiency of service as a defense"); Starkey, 41 F.3d at 1021 (objections to untimely service are waiveable pursuant to Rule 12 notwithstanding Rule 4's mandatory language); Pusey v. Dallas Corp., 938 F.2d 498, 500–01 (4th Cir. 1991) (failure to include defense of untimely service of process in pre-answer motion waived defense under Rule 12(h)); Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317–18 (11th Cir. 1990) (same); Kersh v. Derozier, 851 F.2d 1509, 1511–12 (5th Cir. 1988) (applying Rule 12 waiver provision to defense that service was perfected within 120 days of filing the complaint); United States v. Gluklick, 801 F.2d 834, 836–37 (6th Cir. 1986) (same).

We agree that Rule 12 "purports to have universal application, and we see no reason to deviate from its plain language." Kersh, 851 F.2d at 1512. One court has commented that to hold otherwise "would lead to the indefensible proposition" that a defendant, who voluntarily waives an objection to a Rule 4(j) (now Rule 4(m)) violation, can be precluded from doing so by a requirement that the court dismiss the action. Pardizi, 896 F.2d at 1316–17 n.2. Once it is recognized that the mandatory language of Rule 4(m) is applicable until occurrence of one of the circumstances covered by Rule 12(h), which governs thereafter, any facial tension between the two rules is avoided. We hold, therefore, that a defense that service of

7

process was untimely under Rule 4(m) is subject to Rule 12's waiver provisions and may be waived if not raised in compliance with that rule. Accordingly, ABPS waived its objection to the timeliness of the October 28, 1996, service when it omitted that defense from its January 17, 1997, motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), and for improper venue pursuant to Rule 12(b)(3).

Our conclusion that ABPS waived its objection to the October 28, 1996, service as untimely does not end our inquiry. The question remains, wholly apart from McCurdy's failure to comply with Rule 4(m) with respect to the October 28 service, whether either of McCurdy's attempts at service on ABPS was effective. ABPS argues that the original service made pursuant to the Hawaii long-arm provision was ineffective because the district court in Hawaii lacked personal jurisdiction over it. We agree.

Under Hawaii law, a defendant served pursuant to the state's long-arm provision must be subject to the jurisdiction of the Hawaii courts. See Haw. Rev. Stat. S 634-35 (1996). Given the determination of the district court in Hawaii that it lacked personal jurisdiction over ABPS, it necessarily follows that the October 28, 1996, service made pursuant to Hawaii law did not effectively invoke the jurisdiction of the Hawaii court. Therefore, once the case was transferred, McCurdy was required to invoke the jurisdiction of the Pennsylvania court by re-serving ABPS with service issued by that court.

In a similar situation in Buggs v. Ehrnschwender, 968 F.2d 1544 (2d Cir. 1992), plaintiff, a Pennsylvania citizen who was injured in an automobile accident in New York, sued a New York citizen in a federal court in Pennsylvania and served defendant by certified mail. The case was transferred to the federal court in New York and was dismissed for improper service. The court noted that the service of the complaint before transfer of the case was ineffective because defendant had insufficient contacts to fall within Pennsylvania's long-arm statute. Therefore, plaintiff "was obligated to effect service in the new forum" following the transfer and his failure to do so before the statute of limitations ran resulted in dismissal. Id. at 1548;

8

see also 5A Wright & Miller, Federal Practice and Procedure:
Civil 2d S 1353 at 279 (1990) ("service of process is . . . the
means by which a court gives notice to defendant and
asserts jurisdiction over him") (emphasis added).
Accordingly, in order to invoke the jurisdiction of the
Pennsylvania court, McCurdy was required to timely re-
serve ABPS in Pennsylvania, which he failed to do.

Finally, we note that, having objected pursuant to Rule
12(b)(2) on the ground that Hawaii lacked personal
jurisdiction over it, ABPS effectively preserved the defense
that the October 28, 1996, service of process was
insufficient on the ground that personal jurisdiction was
lacking. ABPS was not required to make the identical
objection twice -- once under Rule 12(b)(2) and again under
Rule 12(b)(5). Where personal jurisdiction is lacking,
"[c]learly, a Rule 12(b)(2) motion . . .[is] more appropriate"
than one under Rule 12(b)(5). 5A Wright & Miller, S 1353 at
278-79.

We turn then to consider the possible effectiveness of
McCurdy's February 7, 1997, service under the Clayton
Act. McCurdy concedes that the February 1997 service was
untimely by four days. In fact, he further concedes that if
his first attempt at service was ineffective, then his filing of
the amended complaint would not have commenced a new
120-day time period in which to perfect service. See
Appellants' Br. at 17. Thus, the 120-day period, which
commenced on June 10, 1996, expired on October 8, 1996,
and McCurdy's second attempt at service was four months,
as opposed to four days, late.

With this in mind, we examine whether the district court
properly refused to grant McCurdy an extension of time in
which to serve nunc pro tunc.1  We review the district court's
denial of McCurdy's cross-motion for an extension of time

_____

1. We note initially that ABPS's objection to the timeliness of the
February service was not waived by its failure to include the objection in
its January 17, 1997, motion to dismiss. At the time ABPS filed its
motion to dismiss, the second service had not yet been attempted. Thus,
the objection was not available as of the time the motion was filed. See
Fed. R. Civ. P. 12(g) (requiring that a defendant's Rule 12 motion include
all Rule 12 defenses "then available").

to serve for abuse of discretion. See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997).

This court has developed a two-pronged inquiry to determine whether the grant of an extension of time in which to serve is proper under Rule 4(m). First, the court must determine whether good cause exists for the failure to have effected service in a timely manner. If so, the extension must be granted. If good cause has not been shown, however, the court still may grant the extension in the sound exercise of its discretion. See MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

In the case at bar, the district court found that McCurdy's efforts at perfecting timely service had been "half-hearted and dilatory." Dist. Ct. Order at 7. It concluded therefore that good cause for the delay had not been shown. Id. Moving to the next step of the analysis, the court recognized that the statute of limitations had run on McCurdy's claims against ABPS thus barring the refiling of his complaint. Nevertheless, the court insightfully commented that "the running of the statute on the date the original complaint was filed causes me to view that factor in a light less favorable to plaintiff than might otherwise be the case." Id. at 8. In the end, the court characterized McCurdy's attempts at service as "too little, too late" and concluded that he had demonstrated no basis to justify the exercise of the court's discretion to grant an extension of time in which to serve. Id.

Our own review of the record satisfies us that the district court did not err in refusing to grant the extension that McCurdy sought. None of McCurdy's attempts at service was timely. Nor at any time did McCurdy ask any court for an extension of time before the time allotted under the Rules had lapsed. As the district court stated,"once the matter was transferred to [Pennsylvania], counsel did not even attempt to move to extend the deadline for service until after the defendant moved to dismiss." Id. at 6. Indeed, at the time the district court ruled, the statute of limitations on McCurdy's claims had expired almost eighteen months prior. We are well aware that the Federal

10

Rules are meant to be applied in such a way as to promote justice. See Fed. R. Civ. P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims. Here, McCurdy failed to do just that at every opportunity, and the district court was well within its authority to deny McCurdy the extension he sought.

III.

For the reasons stated above, the order of the district court dismissing McCurdy's complaint will be affirmed.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

11