Joseph J. SHORE,

v.

William J. HENDERSON, Postmaster General, et al.

No. CIV.A. 00–3006.

United States District Court, E.D. Pennsylvania.

April 26, 2001.

Danny Elmore, Philadelphia, PA, for Plaintiff.

James G. Sheehan, Nuriye Uygur, U.S. Atty's Office, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before this Court are the Plaintiff's Motion for Default Judgment, for a Hearing to Determine Damages, and for a Hearing or Application for Attorney's Fees (Docket No. 3), the Defendant's Motion to Dismiss (Docket No. 5), the Plaintiff's Motion to Vacate Dismissal of Action and Response to Defendant's Motion to Dismiss (Docket No. 6), and the Response to Plaintiff's Motion to Vacate Dismissal of Action and Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Docket No. 9).

### I. INTRODUCTION

On June 13, 2000, the Plaintiff, Joseph J. Shore, filed a complaint alleging discrimination in violation of Title VII of the Civil Rights Acts of 1964 and 1991 by the Defendants, the Postmaster General William J. Henderson and the United States Postal Service. On October 4, 2000, the Court notified the Plaintiff that in accordance with Rule 4(m) of the Federal Rules of Civil Procedure, service of the complaint must be made prior to October 11, 2000 to avoid dismissal. Having not received a return of service by that date, the Court dismissed the complaint without prejudice on October 13, 2000. In the Court's order of dismissal, the Plaintiff was given an opportunity to vacate the dismissal by showing good cause for failure to effect service.

On October 16, 2000, the Plaintiff filed a return of service stating that service

was made on the Defendants by certified mail on June 20, 2000. At the same time, the Plaintiff made a motion for default judgment resulting from the Defendants' failure to respond to the complaint. The Defendants responded to the motion for default judgment and included a motion to dismiss alleging lack of service. The Plaintiff subsequently filed a motion to vacate the dismissal entered by the Court. Finally, on January 8, 2001, the Defendants filed a response to the Plaintiff's motion to vacate the dismissal.

## II. *DISCUSSION*

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, ... shall dismiss the action without prejudice...." Fed.R.Civ.P. 4(m) (West 2001). If service is not made within the specified time frame, the court shall extend the time for service for an appropriate period upon a showing of good cause by the plaintiff. *See* Fed.R.Civ.P. 4(m). By order dated October 13, 2000, this civil action was dismissed without prejudice pursuant to Rule 4(m). As part of the order dismissing this action, the Court stated that "[i]f, within ten (10) days, good cause can be shown why service was not made within one hundred and twenty (120) days of the date of the filing of the Complaint, the dismissal will be vacated." On October 27, 2000, the Plaintiff filed a motion to vacate the dismissal arguing that service was properly made upon the Defendants within the appropriate time frame.

The Plaintiff's argument centers around a copy of the summons and complaint sent to the Postmaster General William J. Henderson and the United States Postal Service via certified mail on June 20, 2000. Pointing to Federal Rule of Civil Procedure 4(i)(2)(A), the Plaintiff states that this is proper service of an agency of the United States government. As a result, the Plaintiff concludes that service was timely because the complaint was filed on June 13, 2000. Offering a different interpretation of Rule 4(i)(2)(A), the Defendants contend that service via certified mail is not proper because the Plaintiff is also required to serve the United States under Rule 4(i)(1). The question before the Court is what constitutes proper service under Rule 4(i)(2)(A).

Rule 4(i) governs service of process against the United States, its agencies, corporations, officers, or employees. *See* Fed.R.Civ.P. 4(i) (West 2001). Rule 4(i)(1) requires that service upon the United States be effected by (1) serving a copy of the summons and the complaint on the United States attorney pursuant to Rule 4(i)(1)(A), and (2) "also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States...." Fed. R.Civ.P. 4(i)(1). When serving an agency or officer or employee of the United States, service is effected by "serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation." Fed.R.Civ.P. 4(i)(2)(A). The Plaintiff interprets the "and" in Rule 4(i)(2)(A) to actually mean "or" allowing service to be made either pursuant to Rule 4(i)(1) or by certified or registered mail to the agency or employee. However, it is commonly understood that the rule requires *both* the agency be served under Rule 4(i)(2)(A) *and* the United States be served under Rule 4(i)(1). *See Simpkins v. District of Columbia Gov't,* 108 F.3d 366, 368 (D.C.Cir.1997); *see also* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§§ 1106–07 (2d ed.1987 and Supp.2001) (stating that Rule 4(i)(2) replaces former Rule 4(d)(5) and stating that former Rule 4(d)(5) required both the agency and the United States to be served).

 To properly serve the United States Postal Service and the Postmaster General in his official capacity, the Plaintiff must deliver a copy of the summons and the complaint to (1) the United States attorney pursuant to Rule 4(i)(1)(A), (2) "the Attorney General of the United States," and (3) both Defendants. In the instant case, the complaint and summons were not properly served as the Plaintiff did not serve the United States Attorney or the Attorney General in the proper time frame. Because there was no proper service in this case, the Plaintiff did not comply with Rule 4(m).

 Because the Court agrees with the interpretation of Rule 4(i) put forth by the Defendants, the Plaintiff asks the Court to vacate the dismissal because no prejudice has been caused to the Defendants. When considering extending the time for service under Rule 4(m), the Court must employ a two-pronged inquiry. *See McCurdy v. American Bd. of Plastic Surgery,* 157 F.3d 191, 196 (3d Cir.1998). First, the Court must consider whether good cause exists for the failure to effect service within the 120 day window. *See id.* If good cause exists, the Court should grant an extension of time to serve the complaint. *See id.* If good cause does not exist, the Court has discretion to grant an extension. *See id.*

 Good cause, in the context of Rule 4(m), means " 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.' " *MCI Telecommunications Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir.1995) (quoting *Petrucel-*

*li v. Bohringer & Ratzinger,* 46 F.3d 1298, 1312 (3d Cir.1995)). "[T]he primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* In this case, the Plaintiff's reason for not complying with the time limit is that he misunderstood the service provisions of Rule 4(i). The Court finds that this does not constitute good cause.

 The Court must next decide whether to exercise its discretion and allow the Plaintiff an extension of time to serve the Defendants. The Plaintiff's lone proffer is that the Defendants suffered no prejudice from the delay. When considering prejudice in the context of exercising the Court's discretion, prejudice " 'involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage.' " *Boley v. Kaymark,* 123 F.3d 756, 759 (3d Cir.1997) (quoting *National Union Fire Ins. Co. v. Barney Assoc.,* 130 F.R.D. 291, 294 (S.D.N.Y.1990)). In the instant case, the Defendants' ability to prepare an appropriate defense has not been impaired. In addition, "actual notice to a defendant that an action was filed militates against a finding of prejudice." *Id.* Here, the Defendants do not dispute being sent the complaint and summons via certified mail. The defect in service is the lack of service to the United States pursuant to Rule 4(i)(1). The Advisory Committee Notes to Rule 4(m) indicate that discretion should be used to "correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations." Fed.R.Civ.P. 4(m) advisory committee's note (West 2000). Taking these factors into account and considering the preference to resolving cases on the merits, the Court will exercise its discretion to extend the Plaintiff's time for service for

twenty (20) days from the date of this Order. *See McCurdy,* 157 F.3d at 197.

As discussed above, proper service has not been made in this action. Therefore, the Plaintiff's motion for default judgment is denied. In addition, due to the extension given to the Plaintiff to effect proper service, the Defendants' motion to dismiss for lack of service is denied.

An appropriate Order follows.

### ORDER

AND NOW, this 25th day of April, 2001, upon consideration of the Plaintiff's Motion for Default Judgment, for a Hearing to Determine Damages, and for a Hearing or Application for Attorney's Fees (Docket No. 3), the Defendant's Motion to Dismiss (Docket No. 5), the Plaintiff's Motion to Vacate Dismissal of Action and Response to Defendant's Motion to Dismiss (Docket No. 6), and the Response to Plaintiff's Motion to Vacate Dismissal of Action and Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Docket No. 9), IT IS HEREBY ORDERED that the Plaintiff's Motion to Vacate Dismissal of Action is **GRANTED**;

IT IS HEREBY FURTHER ORDERED that the Court's October 13, 2000 Order dismissing this action without prejudice is **VACATED**;

IT IS HEREBY FURTHER ORDERED that the Plaintiff **SHALL PROPERLY SERVE** the Defendants within **TWENTY (20) DAYS** of the date of this Order;

IT IS HEREBY FURTHER ORDERED that the Plaintiff's Motion for Default Judgment, for a Hearing to Determine Damages, and for a Hearing or Application for Attorney's Fees is **DENIED**; and

IT IS HEREBY FURTHER ORDERED that the Defendants' Motion to Dismiss is **DENIED**.