

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2005

# Foster v. PA Human Relations

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1102

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Foster v. PA Human Relations" (2005). *2005 Decisions.* Paper 264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1102
_____

JAMES E. FOSTER,

Appellant

v.


PENNSYLVANIA HUMAN RELATIONS COMMISSION;
ATTORNEY GENERAL;
DEPUTY ATTORNEY GENERAL OF PENNSYLVANIA;
LABOR AND INDUSTRY OF PENNSYLVANIA;
CAREER LINKS OF PENNSYLVANIA;
PENNSYLVANIA LEGAL SERVICE;
LAW FIRM OF KORSAK & DᴇARMENT;
MS. WENDY MᴄCROY ROTZ;
MR. BILLY G. LANHAM;
MR. JOSEPH KORSAK

_____


On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-01890)
District Judge: Honorable Christopher C. Conner
_____



Submitted Under Third Circuit LAR 34.1(a)
July 19, 2005

Before:   ROTH, McKEE and ALDISERT, Circuit Judges

(Filed November 3, 2005)

---

## OPINION

---

PER CURIAM

James E. Foster, pro se, appeals several orders of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights action as to some defendants and granting summary judgment in favor of others. Foster alleged various civil rights violations under 42 U.S.C. §§ 1981, 1983, 1985 and 1986 in connection with his search for employment. We will affirm the District Court's orders.

The procedural history of this case and the details of Foster's claims are well-known to the parties, set forth in the District Court's thorough memoranda and orders, and need not be discussed at length. Briefly, however, it appears that Foster attempted to assert a claim of conspiracy to deny his right of access to the courts regarding an underlying alleged claim of defamation. Commonwealth Appellees, the Pennsylvania Human Relations Commission ("PHRC"), the Pennsylvania Department of Labor and Industry ("PDLI"), the Attorney General and a Deputy Attorney General moved for dismissal on the basis of Eleventh Amendment immunity as well as prosecutorial immunity for the attorneys general.[1] The remaining defendants from the original

---

[1] Although Foster's claims are vague and unclear, it appears that he seeks to hold the attorneys general liable for their exercise of prosecutorial discretion in declining to prosecute Foster's former employer for alleged civil rights violations.

complaint, Career Links of Pennsylvania, MidPenn Legal Services ("MidPenn")[2] and the law firm of Korsak and DeArment moved to dismiss for failure to state a claim. The District Court granted the motion with leave to amend because it concluded that Foster's complaint was not sufficient to put these defendants on notice of Foster's alleged claims as required under Federal Rule of Civil Procedure 8(a)(2).

Foster filed an amended complaint in which he alleged violations of §§ 1981, 1983 and 1985, but failed to name Career Links, MidPenn and Korsak and DeArment as defendants. Instead he named Korsak individually; Lanham, a section chief at Career Links; and Rotz,[3] an employee of MidPenn. Rotz sought dismissal on the bases of improper service and failure to state a claim, which the District Court granted without prejudice because Foster failed to effect proper service even after several requests and warnings.[4] Foster did not ever rectify the defective service. Defendants Korsak and Lanham moved for dismissal, which was granted as to Foster's allegations of violation of §§ 1981 and 1985 because the District Court concluded that Lanham was entitled to Eleventh Amendment immunity in his official capacity and that the amended complaint was facially deficient as to Korsak and Lanham, in his individual capacity. Korsak and

---

[2] This defendant was improperly named as Pennsylvania Legal Service in the caption. The proper name of this defendant is MidPenn Legal Services.

[3] In the caption, Rotz's name is misspelled. It should be Wendy McCrory Rotz.

[4] Although MidPenn had been dismissed as a defendant earlier and was not named in the amended complaint, Rotz and MidPenn moved for dismissal jointly, and the District Court granted it as to both.

Lanham then moved for summary judgment, which the District Court granted on the basis that Foster's access to courts claim would necessarily fail because his underlying purported claim of defamation was based purely on speculation. Foster timely appealed.

Although he listed only the District Court's January 4, 2005 summary judgment, Foster mentioned other orders in his informal appellate brief. We may review those orders as well. See MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086 (3d Cir. 1995). In his brief, Foster presents no meaningful argument. He does, however, attempt to raise new issues such as an alleged Title VII violation and bias on the part of the District judge, which he may not do. See Ross v. Hotel Employees & Rest. Employees Int'l Union, 266 F.3d 236, 242 (3d Cir. 2001).

We have jurisdiction pursuant to 28 U.S.C. §1291. Our review of the District Court's dismissals for failure to effectuate proper service and for failure to state a claim is plenary. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998); Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000). Our review of the grant of summary judgment is also plenary. See Guardian Life Ins. Co. of Am. v. Goduti-Moore, 229 F.3d 212, 213 (3d Cir. 2000).

After a thorough review of the record and the appellate briefs, we agree with the District Court's dismissal of Foster's claims as to some defendants and claims and its grant of summary judgment as to the § 1983 claim against Korsak and Lanham. As to defendant Rotz, Rule 12(b)(5) dismissal was appropriate because Foster failed to serve

4

Rotz properly despite repeated requests and warnings from the District Court to do so. The District Court's finding of immunity for the PHRC and the PDLI was proper, as they were all clearly state agencies. See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 131 F.3d 353, 356 (3d Cir. 1997). The finding of prosecutorial immunity for the attorneys general was also proper because the basis of Foster's allegations against them was squarely within the realm of prosecutorial discretion and, therefore, entitled them to be shielded from liability. See Imbler v. Patchman, 424 U.S. 409, 430-31 (1976). Moreover, although the standard of review for Rule 12(b)(6) dismissal requires us to accept as true all factual allegations, we need not accept "unsupported conclusions and unwarranted inferences." See Maio v. Aetna, Inc., 221 F.3d 472, 485 n.12 (3d Cir. 2000). Foster's complaints consist entirely of these. In light of Foster's repeated failure to give notice of a viable claim, Rule 12(b)(6) dismissal was appropriate as to the remaining defendants and claims, with the exception of the § 1983 claim against Korsak and Lanham. See Conley v. Gibson, 355 U.S. 41, 47 (1957).

As to the § 1983 claim against Korsak and Lanham, the District Court's grant of summary judgment was appropriate. A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). Because Foster's underlying claim of defamation was based purely on speculation arising from a baseless conspiracy theory, Foster cannot suffer an injury by being shut out of

5

court on this claim. His present civil rights claim for denial of access to the courts would, therefore, necessarily fail. See Christopher v. Harbury, 536 U.S. 403, 414-15 (2002).

For the reasons thoroughly discussed in the various orders of the District Court and summarized above, we will affirm.