**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3851

_____

BRENDA GISH,

Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA; ANNE K. FIORENZA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 13-cv-1929)
District Judge:  Honorable John E. Jones, III

_____

Submitted Under Third Circuit LAR 34.1(a)
April 29, 2015

Before:  FISHER, HARDIMAN and ROTH, *Circuit Judges*.

(Opinion Filed:  May 18, 2015)

_____

OPINION*

_____

HARDIMAN, *Circuit Judge*.

Brenda Gish appeals the District Court's order dismissing her complaint with

prejudice. We will affirm.

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

I

On July 15, 2013, Gish filed a complaint in the U.S. District Court for the Middle District of Pennsylvania alleging age discrimination by her employer (the U.S. Trustee's Office). The two named defendants in the complaint are Attorney General Eric Holder Jr. and Assistant U.S. Trustee Anne K. Fiorenza. After Gish filed her fourth motion to continue the case management conference, the District Court reviewed the docket and realized that Gish had never served the summons or complaint on the defendants. Accordingly, on February 25, 2014, the Court ordered Gish to serve them within 30 days or the complaint would be dismissed with prejudice. The day before the deadline expired, Gish served two copies of the summons and complaint on Assistant Trustee Fiorenza. One copy was addressed to Fiorenza and the other was addressed to the U.S. Department of Justice. But both copies shared the same mailing address—228 Walnut Street, Suite 1190, Harrisburg, PA 17101.

On April 24, 2014, the Government filed a motion to dismiss for insufficient and untimely service of process pursuant to Federal Rules of Civil Procedure 4(i) and 4(m). Because Gish failed to serve Attorney General Holder (the only remaining party),[1] the District Court followed through on its ultimatum and dismissed the suit with prejudice. Gish timely appealed.[2]

---

[1] Fiorenza was dismissed from the suit by agreement.

[2] The District Court had jurisdiction under 29 U.S.C. § 633a(c) and 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal for untimely and insufficient service of process for abuse of discretion. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995).

## II

When an officer of the United States is sued in his individual capacity, the plaintiff must serve both the officer and the United States. Fed. R. Civ. P. 4(i)(3). In order to serve the United States, a party must do two things. First, she must deliver a copy of the summons and complaint to the U.S. Attorney for the district where the action is brought. Fed. R. Civ. P. 4(i)(1). The U.S. Attorney can be served directly, via a properly designated employee, or via registered or certified mail addressed to the civil-process clerk. *Id.* Second, the party must send a copy of the summons and complaint to the Attorney General in Washington, D.C. *Id.* If a defendant has not been properly served within 120 days after the complaint was filed, the District Court may dismiss the action. Fed. R. Civ. P. 4(m).

Here, Attorney General Holder was sued in his individual capacity. Gish was ordered to effectuate service by March 27, 2014—roughly double the time limit prescribed by the Federal Rules—or her action would be dismissed with prejudice. On March 26, she served Assistant Trustee Fiorenza, who obviously was neither the U.S. Attorney nor someone designated by the U.S. Attorney to accept service on his behalf. Moreover, Gish failed to send the summons and complaint to either the civil-process clerk or the Attorney General in Washington, D.C. Though she claims that she eventually properly served the U.S. Attorney and Attorney General, that service was accomplished about six weeks after the District Court's generous March 27 deadline and after the Government moved to dismiss for insufficient service. Furthermore, Gish's counsel never moved for an extension of time to serve. *See McCurdy v. Am. Bd. of Plastic Surgery*, 157

3

F.3d 191, 196–97 (3d Cir. 1998) (holding that the district court properly dismissed an action for untimely service when plaintiff sought an extension of time to serve only after defendant moved to dismiss).

Though Gish argues that there was good cause for her failure to timely serve process, we have previously held that neither half-hearted efforts prior to the deadline nor inadvertence by counsel constitutes good cause. *See Petrucelli*, 46 F.3d at 1307. In no uncertain terms, we have warned plaintiffs of the severity of Rule 4(m): "Treat the 120 days with the respect reserved for a time bomb." *Id.* (quoting *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987)). Gish should have been particularly careful because the District Court's order specified that her suit would be dismissed with prejudice if she didn't meet the March 27 deadline. Because the District Court merely did what it said it would do, we perceive no abuse of discretion. The order will be affirmed.