NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3764
_____

DAVID E. GABROS, M.D.,
                                                            Appellant

v.

*SHORE MEDICAL CENTER; LINWOOD CARE CENTER;
SCOTT STRENGER, M.D.; JEANNE ROWE, M.D.; PETER JUNGBLUT, M.D.

*(Amended pursuant to Clerk's Order dated 10/19/2016)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-14-cv-01864)
District Judge: Honorable Noel L. Hillman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2018

Before: HARDIMAN, VANASKIE, and SHWARTZ, *Circuit Judges.*

(Filed: February 9, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

David Gabros, M.D. appeals an order of the District Court dismissing his complaint against Shore Medical Center without prejudice. We will affirm.

I

Gabros sued Shore (and others not relevant to this appeal) in March of 2014, asserting a congeries of federal and state claims. After the District Court threatened to dismiss his case for lack of prosecution, Gabros first attempted to serve process on Shore six months after he filed suit. After another eleven months—during which Shore moved to dismiss for insufficient process and insufficient service of process under Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure—Gabros tried a second time. Four months later, after concluding that neither attempt to serve Shore was adequate, the District Court gave Gabros "one final opportunity to right the ship" within thirty days. App. 39–40. When Gabros failed to comply with that order, the Court granted Shore's motion and dismissed Gabros's suit without prejudice.

II[1]

Rule 4 of the Federal Rules of Civil Procedure, which governs service of process, requires plaintiffs to serve a summons and a copy of the complaint on each defendant.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over whether proper service was actually made. *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998). The choice of remedy for improper service is committed to the sound discretion of the District Court. *Umbenhauer v. Woog*, 969 F.2d 25, 38 (3d Cir. 1992).

2

FED. R. CIV. P. 4(c)(1). The summons has to satisfy the requirements of Rule 4(a)(1) and corporate defendants must be served consistent with Rule 4(h).

Here, the District Court held that Gabros failed to effectuate service on Shore because the summons was inadequate. We disagree. At least as to Gabros's second and third tries, the record includes a summons that facially satisfies Rule 4(a)(1). It names the court and the parties, is directed to Shore as the defendant, states the name and address of Gabros's counsel, provides the time for Shore to appear and notifies it of the consequences of failing to do so, is signed by the Clerk of the District Court, and bears the District Court's seal. *See* FED. R. CIV. P. 4(a)(1)(A)–(G). Yet the Clerk initially left blank the fields for the defendant and plaintiff's counsel, which caused the District Court to fault Gabros for "reus[ing] the lone blank summons issued by the Clerk" when he served each defendant. App. 11–12.

Contrary to the District Court's holding, nothing in Rule 4 requires a summons to be signed and sealed by the Clerk only after it is otherwise completed. Rule 4(b) (which served as the basis for the District Court's conclusion) provides merely that the plaintiff "*may* present a[n] [otherwise completed] summons to the clerk for signature and seal." The Federal Rules of Civil Procedure regulate the final form of a summons, not the methods by which clerks of court issue them. Indeed, the process followed here, in which "the clerk . . . deliver[ed] a blank summons, signed and sealed, [for the] plaintiff's attorney to fill in," is "common practice[] in many districts." 1 NICHOLS CYCLOPEDIA OF FEDERAL PROCEDURE FORMS § 22.04 (Feb. 2017 Update).

3

Despite our disagreement with the District Court's reasoning, we will affirm because we may do so "for any reason supported by the record." *Brightwell v. Lehman*, 637 F.3d 187, 191 (3d Cir. 2011). "[T]he party asserting the validity of service bears the burden of proof on that issue," *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993), and Gabros has consistently failed to establish that he served Shore by a method permitted by Rule 4(h).

Gabros submitted three proofs of service. And each one, read generously, indicates that a process server went to Shore's place of business and left a copy of the summons and complaint with a particular person. The documents were first left with "Barbara Defenbeck, Administrative Assistant," App. 106, and twice later with "Georgette Fox, Risk [Manager]," App. 44, 29. The record is bereft, however, of any evidence that either Defenbeck or Fox was "an officer, a managing or general agent, or an[] . . . agent authorized . . . to receive service of process." FED. R. CIV. P. 4(h)(1)(B). Nor is there any basis to conclude that either one was "in charge" of Shore's place of business and therefore a proper target of process under New Jersey Court Rule 4:4-4(a)(6), which the Federal Rules incorporate as a permissible method of service. *See* FED. R. CIV. P.

(h)(1)(A), 4(e)(1). Accordingly, the District Court did not abuse its discretion when it

dismissed Gabros's claims without prejudice. [2]

---

[2] Gabros's suggestion that Shore waived its challenges to service by answering and participating in some discovery is without merit. Shore preserved those defenses by including them in its answer, as the Federal Rules of Civil Procedure expressly allow. FED. R. CIV. P. 12(b) ("No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading.").

In addition, Gabros requests an evidentiary hearing concerning service of process on each defendant. Such a hearing is unnecessary because he has failed to show that there are any disputed facts that would require an evidentiary hearing. The record discloses the identities and/or jobs of the individuals who received the summons, and there is nothing before us to create a genuine dispute that those individuals are not officers, managing or general agents, or agents authorized to receive service of process as required under Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure.