**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1171
_____

MICHAEL J. BEAUTYMAN;
MICHAEL J. BEAUTYMAN FAMILY LIMITED PARTNERSHIP

v.

DAVID J. LAURENT a/k/a DAVID J. LEHARVEO;
GENERAL INSURANCE COMPANY OF AMERICA;
AMERICAN BANKERS INSURANCE COMPANY OF AMERICA

DAVID J. LAURENT a/k/a DAVID J. LEHARVEO,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05804)
District Judge:  Honorable Robert F. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2020
Before:  SHWARTZ, RESTREPO and GREENBERG, Circuit Judges

(Opinion filed: October 1, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant David J. Laurent appeals from the judgment entered against him by the District Court after a jury trial. For the reasons that follow, we will affirm the District Court's judgment.

In 2017, Michael J. Beautyman and the Michael J. Beautyman Family Limited Partnership (hereinafter collectively referred to as "Beautyman") filed an action in the Philadelphia Court of Common Pleas against Laurent, General Insurance Company of America (GICA), and American Bankers Insurance Company of Florida for damages to real and personal property stemming from the period during which Laurent rented Beautyman's condominium. The matter was removed to the District Court for the Eastern District of Pennsylvania. GICA filed a cross-claim against American Bankers and Laurent for contribution and/or indemnity. In June 2018, American Bankers was dismissed pursuant to a stipulation of settlement between it and Beautyman; all cross-claims by and against American Bankers were dismissed without prejudice. The District Court subsequently granted GICA's motion for summary judgment with respect to Beautyman's claims; the cross-claim against Laurent remained outstanding.

The matter proceeded to trial on the breach of contract claims against Laurent. After a jury verdict, judgment was entered on October 4, 2019, in favor of Beautyman in the amount of $135,689.68. On October 17, 2019, Laurent filed a renewed motion for

2

judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b).  The District Court denied

the motion in an order entered November 1, 2019, and this appeal ensued.[1]

Laurent's first two arguments relate to service of process.  He maintains that the

District Court ran afoul of Fed. R. Civ. P. 4(m) when it granted Beautyman's request for

substituted service of process.  He also argues that the District Court lacked personal

jurisdiction over him because Beautyman did not properly effectuate service on him.

"Issues concerning the propriety of service under Rule 4 are subject to plenary review."

See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998).

Rule 4(m) requires a district court to dismiss a case without prejudice, or to order

that service be made within a specified time, if the plaintiff fails to serve the defendant

within 90 days of filing the complaint.  Fed. R. Civ. P. 4(m).  "But if the plaintiff shows

good cause for the failure, the court must extend the time for service for an appropriate

period."  Id.  Here, Beautyman filed a motion to substitute service on May 1, 2018, 125

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.  At the time the appeal was filed, GICA's cross-claim against Laurent remained pending, and, therefore, the appeal was taken from a non-final order.  See 28 U.S.C. § 1291; Hill v. City of Scranton, 411 F.3d 118, 124 (3d Cir. 2005).  However, the cross-claims have since been effectively withdrawn, see DCD #90-1, and the appeal is now ripe for review.  See DL Res., Inc. v. First Energy Sols. Corp., 506 F.3d 209, 216 (3d Cir. 2007) (applying the doctrine of Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983) (holding that a notice of appeal filed before a final decision has been made but followed by a final appealable order is treated as an appeal from the final order in the absence of prejudice to the respondent)); see also Bethel v. McAllister Brothers, Inc., 81 F.3d 376, 382 (3d Cir. 1996) (holding that "an otherwise non-appealable order may become final for purposes of appeal where a plaintiff voluntarily and finally abandons the other claims in the litigation").

3

days after the complaint was filed. The District Court determined that, despite a "good faith effort to locate and serve" Laurent, Beautyman had not been able to do so because, it appeared, Laurent was "concealing his physical whereabouts" to avoid service of process. District Ct. Docket (DCD) #19. The Court granted Beautyman permission to make service of process to Laurent's last known mailing and internet addresses.

Laurent argues that the Court erred in failing to dismiss the complaint or direct that service be made within a specified period of time in accordance with Rule 4(m). We find no reversible error. Courts consider "three factors in determining the existence of good cause under Rule 4(m): (1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting United States v. Nuttall, 122 F.R.D. 163, 166-67) (D. Del. 1988)). Laurent does not dispute that Beautyman showed a basis for good cause as to why he could not reasonably effectuate service. The thrust of his argument is that Beautyman failed to demonstrate a reasonable basis for failing to timely move for an enlargement of time to serve. See id.

According to Laurent, Beautyman was aware of a "proper mailing address" for Laurent in mid-March 2017, and he "could have petitioned the court for substituted service at any time before the 90-day window expired." Appellant's Br. at 5. But the address known to Beautyman at that time was a P.O. Box. See App. Vol. II at 298, 303; see also Fed. R. Civ. P. 4(e)(2) (noting that service may be made by delivering a copy of

4

the summons to the individual personally, or by leaving it at their dwelling or with authorized agent). In any event, there is no specified time limit on a Rule 4(m) motion; rather, its timeliness is a factor in determining whether the motion for extension of time should be granted. See McCurdy, 157 F.3d at 196-97 (affirming the denial of a Rule 4(m) motion where the plaintiff did not seek "an extension of time *before* the time allotted under the Rules had lapsed" and until after the statute of limitations had expired) (emphasis in original). Although the motion for substituted service was filed after the 90-day period, it is clear that Beautyman made several timely attempts to serve Laurent, and that he sought to confirm his address for personal service through a variety of means, including a Freedom of Information Act request to the United States Postal Service and a search of court records. This diligence, when considered with Laurent's apparent efforts to evade service of process, established good cause for failing to timely serve. Having determined as much, the Court was required to grant Beautyman's motion, which was tantamount to a Rule 4(m) motion. See id. at 196.

In granting Beautyman's motion to substitute service, the District Court impliedly granted an extension of time to make service of process; but it failed to technically comply with Rule 4(m)'s requirement that it set a specific time period for service. Laurent was not prejudiced by this error, however, where service was made within 16 days of the Court's order and there is no indication that the applicable statute of limitations would have barred Beautyman from refiling the complaint were it dismissed. Moreover, for all of the foregoing reasons, the District Court did not err in dismissing the

5

complaint under Rule 4(m) either sua sponte or, even assuming one was filed, on motion by Laurent.[2]

Laurent next argues that the Court lacked personal jurisdiction over him because he was not properly served and proof of service was not established as required by Fed. R. Civ. P. 4(c) and (l). Specifically, he asserts that Plaintiff's counsel could not properly serve the affidavit, and that the affidavit of service was electronically signed and lacked the notary's stamp and license number. Laurent waived these personal jurisdiction arguments by failing to properly object to service of process on these bases in the District Court. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011) (noting that arguments not raised in the district court will not be considered for the first time on appeal); see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982) (noting that personal jurisdiction can be waived). In any event, we agree with Beautyman that service was made in compliance with the federal rules.

Laurent next maintains that Beautyman thwarted his attempts to obtain discovery by failing to respond to requests for production of documents and interrogatories, as well as to a subpoena to inspect the real property at issue in the matter. Contrary to his

---

[2] In an email to the District Court judge's deputy clerk, Laurent indicated that he was "seeking the court, on its own, without a motion" to dismiss the matter for failure to comply with Rule 4(m). DCD#29 & Ex. A-1. Laurent raised the issue at the pretrial conference hearing (Rule 16 hearing) held in June 2018. The District Court advised him to file a Rule 4(m) motion. Instead, Laurent raised the issue as an affirmative defense in his answer to the complaint. See DCD#29.

6

contention, Beautyman did not act in bad faith by filing a motion to quash Laurent's

discovery requests, and the District Court did not abuse its discretion in granting the

motion, where the discovery requests were "served" more than eight months after

discovery had closed and within a month of when trial was scheduled to start.[3] See DCD

##53, 54; see Eisai, Inc. v. Sanofi Aventis U.S., LLC, 821 F.3d 394, 402 (3d Cir. 2016)

(noting that discovery decisions are reviewed for abuse of discretion). We also find no

abuse of discretion in the Court's decision to deny Laurent's motion to exclude evidence

at trial which Beautyman allegedly failed to provide in discovery. See Stecyk v. Bell

Helicopter Textron, Inc., 295 F.3d 408, 412 (3d Cir. 2002) (review of a district court's

evidentiary rulings is for abuse of discretion). The District Court credited Beautyman's

representation that the evidence had been produced, and Laurent provides no basis, other

than his say-so, to suggest that the Court erred. See DCD #64; App. Vol. II at 210-11.

Finally, the District Court did not abuse its discretion in denying Laurent's motion to

dismiss the action based on Beautyman's alleged failure to provide a list of disclosures as

required by Fed. R. Civ. P. 26(a)(1). DCD ##59, 61. The issue was not timely raised,

and, regardless, we agree with Beautyman that Laurent could not show the requisite

prejudice under Fed. R. Civ. P. 37(a) where he otherwise received the relevant

information in, inter alia, copies of responses to GICA's discovery in August 2018, and

---

[3] Beautyman maintained in the District Court that he was never properly served with these belated discovery requests.

7

Beautyman's pretrial memorandum.  See Nicholas v. Pa. State Univ., 227 F.3d 133, 148 (3d Cir. 2000).

Finally, we find no abuse of discretion in the District Court's decision to deny Laurent's motion for a continuance.  Laurent sought the continuance to allow for additional time for discovery and settlement negotiations, and to secure counsel; but he provided absolutely no bases for granting the motion.  Moreover, the motion was filed in September 2019, just weeks before trial, long after discovery had ended,[4] and nearly a year and a half after the Court advised Laurent to obtain counsel.  See App., Vol. II at 243.  Furthermore, in an email to Beautyman's counsel just a week prior to filing the motion for a continuance, Laurent acknowledged that there were no fruitful settlement negotiations, declaring that "the only path" he saw "to obtain immunity for [him]self and receive final closure . . . [wa]s to proceed to trial."  Id. at 255.

Based on the foregoing, we will affirm the District Court's judgment.

---

[4] At the Rule 16 hearing in June 2018, the District Court ordered discovery to be completed by October 2018; it subsequently granted a motion to extend the discovery period, by two months, until December 18, 2018.