**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2329
_____

PAUL E. PIECZYNSKI,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; STEPHANIE J. SALAVANTIS, Acting
District Attorney; MICHAEL T. VOUGH, Acting Judge; DAVID W. LUPAS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:22-cv-02037)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 13, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: March 19, 2024)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pennsylvania citizen Paul Pieczynski appeals pro se from the District Court's decision dismissing his case without prejudice for failure to effect service. We will affirm that judgment, albeit on a different basis than that provided by the District Court.

I.

In 2022, Pieczynski moved the District Court to confirm, pursuant to the Federal Arbitration Act ("FAA"), a 2019 arbitration award of more than $26 million. He claimed that the award had been issued in his favor and against the Commonwealth of Pennsylvania, two Pennsylvania state-court judges, and a district attorney ("Appellees").[1] In June 2023, several months after a United States Magistrate Judge directed Pieczynski to serve Appellees, the District Court dismissed the case without prejudice under Federal Rule of Civil Procedure 4(m) for failure to effect service. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] Our review here is plenary, see McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir.

_____

[1] The District Court did not decide whether the arbitration award is genuine, and we need not do so to resolve this appeal.

[2] Although the District Court's dismissal was "without prejudice," it nevertheless constitutes a "final" decision under § 1291, because the time for Pieczynski to move to confirm the purported arbitration award has expired. See Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n.4 (3d Cir. 1987); see also Teamsters Local 177 v. United Parcel Serv., 966 F.3d 245, 255 (3d Cir. 2020) (stating that "the statute of limitations for confirmation of arbitration awards under the FAA is one year" (citing 9 U.S.C. § 9)).

2

1998), and we may affirm the District Court's decision on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We need not decide whether dismissal was warranted in this case for failure to effect service. As explained below, dismissal was warranted for a more fundamental reason: the District Court lacked subject-matter jurisdiction over Pieczynski's motion to confirm.

Although the FAA authorizes the filing of a motion to confirm an arbitration award, see 9 U.S.C. § 9, that authorization does not itself confer subject-matter jurisdiction upon a federal district court, see Badgerow v. Walters, 596 U.S. 1, 4 (2022). For a federal district court to have jurisdiction over such a motion, there must be "an independent jurisdictional basis." See id. (internal quotation marks omitted). That independent jurisdictional basis must be apparent from the motion itself; a court cannot "look through" the motion to the underlying substantive dispute to find it. See id. at 4-5.

There is no independent jurisdictional basis in this case. Pieczynski did not appear to claim that diversity jurisdiction under 28 U.S.C. § 1332(a) lies here, and there is no indication that it does. See Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) ("Jurisdiction under § 1332(a) requires complete diversity, meaning that no plaintiff can be a citizen of the same state as any of the defendants" (internal quotation marks omitted)). Furthermore, Pieczynski did not invoke anything in his motion to confirm that triggered the district court's federal-question jurisdiction. See 28 U.S.C.

3

§ 1331 (providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Because the District Court lacked subject-matter jurisdiction over Pieczynski's motion to confirm, that motion was subject to dismissal. Accordingly, we will affirm the District Court's decision to dismiss his case.[3]

---

[3] We find no merit to Pieczynski's contention that the District Court and the Magistrate Judge were biased against him. See generally Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").