ALD-143                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3633
_____

JAMES E. HARRIS, JR.,
                                        Appellant

v.

MATTHEW K. MCMULLEN, Corr. Off., D.C.C.;
GEORGE LANCASTER, Lieutenant, D.C.C.;
WARDEN JAMES T VAUGHN CORRECTIONAL CENTER

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No.1-10-cv-00481)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2015
Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: April 9, 2015)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant, James Harris, appeals the District Court's order dismissing his pro se case. Upon consideration of the record, we conclude that dismissal was proper. Because the appeal presents no substantial question, we will affirm the judgment of the District Court.

Harris, a state prisoner at the James T. Vaughn Correctional Center, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Delaware in June 2010. Named as defendants were Corrections Officer Matthew McMullen, Lieutenant George Lancaster, and Warden Perry Phelps. Harris alleged that he was attacked and pepper sprayed by McMullen on May 31, 2008, and that McMullen confiscated his television and radio. In addition to having approved of the property confiscation, Lancaster is alleged to have placed Harris in isolation for fifteen days and then caused his transfer to the maximum security unit (MSU) for fifteen months. Harris asserted that Phelps held him in isolation for fifteen days, in the supermax housing unit (SHU) for seven and a half months, and in the MSU for seven and a half months – all for a "minor offense." Harris claimed that the deprivation of his property and the loss of a lower security classification violated his constitutional rights.

The District Court granted Harris leave to proceed with his civil action in forma pauperis ("*IFP*"), and went on to screen the complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. In a Memorandum Opinion and Order entered on September 29, 2010, the District Court dismissed as frivolous all claims against Lancaster and Phelps, as well as the deprivation of personal property claim against McMullen, pursuant to §

2

1915(e)(2)(B)(i) and § 1915A(b)(1). The District Court explained that the due process claim based on the deprivation of his personal property is not actionable under § 1983 unless there is no adequate post-deprivation remedy available. See D. Ct. Mem. Op. at 4 (citing Paratt v. Taylor, 451 U.S. 527, 542 (1981), overruled on other grounds by 474 U.S. 327 (1986)). Since Delaware provides an adequate remedy, Harris' claim was subject to summary dismissal.

Harris' contentions that he was unlawfully housed in isolation, the SHU and the MSU, and deprived of a lower security classification fared no better. The District Court concluded that Harris lacked the requisite liberty interest to implicate a due process violation, as his disciplinary confinement and classification did not constitute an atypical and significant hardship under Sandin v. Conner, 515 U.S. 472, 480 (1995), and thus were "within the sentence imposed." See Mem. Op. at 5. The District Court permitted Harris' excessive force claim against McMullen to proceed.

In the Order accompanying its Memorandum Opinion, the District Court directed Harris, pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), to provide the court with a "USM-285" form for defendant McMullen as well as for the Attorney General of Delaware. The court provided Harris with the Attorney General's address. The court further advised Harris that the United States Marshal Service ("USMS") would not serve the complaint until all USM-285 forms had been received. Harris was warned that failure to provide the forms within the time allotted could result in dismissal of the remaining defendant or the complaint pursuant to Fed. R. Civ. P. 4(m).

3

It appears that Harris attempted to comply with the court's instructions but lacked sufficient copies of the USM-285 forms. Accordingly, the District Court issued an order directing the institution's law library to provide Harris with the additional USM-285 forms. Harris thereafter timely submitted the USM-285 forms for McMullen and the Delaware Attorney General. Unfortunately, the USM-285 form was twice returned unexecuted as to McMullen as he no longer worked at the Correctional Center. The court issued another order instructing Harris to request the Clerk of Court to prepare a summons for personal service of the complaint. Harris eventually complied and a summons was issued as to defendant McMullen on September 21, 2011. The summons, however, was returned unexecuted as McMullen no longer worked for the Delaware Department of Corrections ("DDOC"). In an order entered on January 31, 2012, the District Court directed the Attorney General for the State of Delaware to file under seal the last known address for defendant McMullen; the court directed Harris to return to the Clerk an original USM-285 form for McMullen. While the Attorney General complied, Harris did not. Accordingly, on May 8, 2012, the District Court once again entered an order dismissing the claim against McMullen without prejudice and directing that the case be closed.

Nearly a year later, Harris sought relief from the District Court's dismissal order under Fed. R. Civ. P. 60(b). Though it is unclear why Harris waited so long to seek relief, he asserted that he had indeed complied with the court's direction in a timely manner but that the prison had "lost" his filing. The District Court reopened the case a

second time and provided Harris the opportunity to comply with its previous order or suffer dismissal. Harris attempted timely compliance, but the USM-285 form was once again returned unexecuted as to McMullen. Although the service package was mailed to the "sealed" address, it was returned marked "attempted – not known." After the third unsuccessful attempt at service, the District Court entered an order on June 3, 2014, directing Harris to show cause why the complaint should not be dismissed for failure to serve process on defendant McMullen pursuant to Rule 4(m).

Harris responded with the general contention that his incarceration and indigency prevented him from being able to discover McMullen's address, that the vast resources of the USMS made that agency "well-equipped" to locate the defendant, and that the DDOC should provide the names and addresses of the emergency contacts noted in McMullen's personnel file as a possible means of assisting in locating McMullen. In an order entered on July 16, 2014, the District Court concluded that Harris had failed to show cause why McMullen should not be dismissed from the action. The District Court noted that it had been four years since the complaint had been filed, and that Harris had "unrealistic expectations" regarding the "extraordinary steps" that the court and others should take to assist him in locating defendant McMullen. In light of the numerous unsuccessful attempts made by the USMS, the District Court concluded that Harris failed to provide an adequate address that would allow McMullen to be served. Accordingly, the District Court dismissed McMullen as a defendant and directed that the case be closed. Harris filed this timely appeal seeking review of the District Court's dismissal order.

We have jurisdiction under 28 U.S.C. § 1291. See Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n. 4 (3d Cir. 1987) (concluding that an order dismissing a complaint without prejudice is a final appealable order when the statute of limitations for the claim set forth therein has expired); see also Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991) (order of dismissal is final and appealable under § 1291where complaint filed by a plaintiff granted leave to proceed *IFP* is dismissed without prejudice for failure to effect service of process). Rule 4(m) provides that the District Court must dismiss the action without prejudice as to a defendant after notice to the plaintiff if service of the complaint is not made upon that defendant within 120 days after the filing. See Fed. R. Civ. P. 4(m). A District Court must extend the time for service, however, where a plaintiff demonstrates good cause for the failure to timely serve the defendant. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995). We have plenary review over issues concerning the propriety of service. See McCurdy, 157 F.3d at 194. We review good cause determinations under Rule 4(m) for abuse of discretion. See Ayres v. Jacobs & Crumplar, 99 F.3d 565, 568 (3d Cir. 1996).

We conclude that no further extensions of the Rule 4(m) period were warranted in this case. While *IFP* status confers an entitlement to issuance and service of process, see 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the plaintiff must provide sufficient

6

information for the court to do so.  See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (it is the responsibility of a plaintiff proceeding pro se and *IFP* to provide proper addresses for service).  Harris failed to provide a valid address for defendant McMullen so that the USMS could properly effect service.  Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an *IFP* litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.

The District Court ordered the Attorney General to provide, under seal, the last known address on file for defendant McMullen.  The USMS attempted, on at least three separate occasions, to serve McMullen at the addresses provided by Harris and the Attorney General.  On the record presented, we cannot conclude that the District Court erred in determining that it had fulfilled its duty under § 1915, as had the USMS.  Because a further discretionary extension is unlikely to yield any fruitful results, under the circumstances here, dismissal of the case without prejudice as to the only remaining defendant for failure to timely effect service was appropriate.[1]  See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997); Petrucelli, 46 F.3d at 1305-07.

---

[1]  Harris has not expressed an intent to appeal the District Court's disposition of the remainder of his claims.  To the extent any such challenge was intended, he fares no better.  We agree with the District Court's determination that Harris' claims were subject to dismissal under § 1915(e)(2)(B)(i) and § 1915A(b)(1) for the reasons set forth by the District Court.  Moreover, we are satisfied that any amendment to the complaint with respect to these same claims would be futile.  We therefore conclude that the District Court properly dismissed the complaint against defendants Lancaster and Phelps, as well as the deprivation of personal property claim against defendant McMullen, without leave

For the foregoing reasons and because the appeal presents no substantial question, we will summarily affirm the District Court's order of dismissal. <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.

---

to amend. <u>See Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002) (a court should not dismiss a <u>pro</u> <u>se</u> complaint without granting leave to amend unless "amendment would be inequitable or futile").